383 So.2d 1183 (1980)
Karen E. STRICKLIN, Appellant,
v.
Robert E. STRICKLIN, Appellee.
No. 79-1232/T4-583.
District Court of Appeal of Florida, Fifth District.
June 4, 1980.
Tobe Lev, Sanford, for appellant.
W.J. Heffernan, Jr., Altamonte Springs, and Robert E. Stricklin, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final order modifying a final judgment and changing child custody.
In the original dissolution proceedings, husband and wife executed a stipulation resolving custody, alimony and support. The stipulation was incorporated in the judgment which was entered August 2, 1977, awarding custody to the wife. Subsequently, problems developed concerning visitation and proper care culminating in a "motion for determination of custody" filed by the husband. The court ordered a social investigation. After the hearing, the court entered the order, now appealed, transferring custody to the husband. The single question presented is whether the court erred in transferring custody.
We are extremely reluctant to interfere with a custody determination of a trial judge. His opportunity to observe the parties and the child gives him an important advantage over this court which can only rely upon the cold record. In this instance, *1184 however, there has been a departure from established rules, commanding a reversal.
When considering a petition for modification of custody, the court does not have the same degree of discretion as it does in entering the original decree. Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976); Avery v. Avery, 314 So.2d 198 (Fla. 1st DCA 1975). To warrant modification of a custody award, there must be competent, substantial evidence that (1) there has been a substantial or material change in the condition of the parties and (2) the best welfare of the child will be promoted by the change in custody. Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979). The order changing custody need not include a finding that the prior custodial parent is unfit. Negative factors in the circumstances of the custodial parent when coupled with the intervening special needs of the child and increased ability of the non-custodial parent to provide for the child, may be sufficient to justify change. Jayne v. Dennison, 284 So.2d 237 (Fla. 2d DCA 1973). However, the fact that the father had remarried, that the mother was working while her parents cared for the child, that she was having marital difficulties and that she had changed her place of residence several times, was not sufficient to justify a change in custody absent a finding that the child was adversely affected by the conditions. Spradley v. Spradley, 312 So.2d 215 (Fla. 1st DCA 1975). Likewise, the remarriage of the non-custodial parent and the acquisition by that parent of a suitable home are not changes of circumstances which of themselves justify a transfer. Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964).
In the case before this court, the trial court found both parties to be physically, mentally and morally fit to care for the child. Custody, however, was transferred to the husband predicated upon a showing of a more stable environment which apparently was based on his remarriage and work success. The social investigation described the child as a healthy, happy, well-behaved child and developing in a normal fashion.
During closing argument, counsel for Mrs. Stricklin argued that it was necessary for petitioner to show a substantial change in circumstances. The following exchange took place:
The Court: Counsel, the law has been changed since those cases came out. The statute no longer requires a change of circumstances.
Mr. Lev: On modification?
The Court: That's right.
It is clear that the lower court in its decision to change custody misunderstood the requirements discussed in Sanders v. Sanders, and we must therefore reverse.
REVERSED.
ORFINGER and COBB, JJ., concur.