429 So.2d 27 (1983)
Janice D. LANDERS, Appellant,
v.
Edward H. LANDERS, Appellee.
No. 81-1250.
District Court of Appeal of Florida, Fifth District.
March 2, 1983.
Rehearing Denied April 7, 1983.
*28 Ned N. Julian, Jr. of Senstrom, McIntosh, Julian, Colbert & Whigham, P.A., Sanford, for appellant.
John A. Baldwin of Baldwin & Dikeou, Fern Park, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Janice D. Landers appeals from an order modifying a final judgment and transferring custody of the parties' minor son from appellant to the father/appellee.
As was its custom, the trial court ordered the Department of Health and Rehabilitative Services to conduct the investigation authorized by section 61.20, Florida Statutes.[1] Appellant contends that the procedure utilized by the trial court during both the trial and pre-trial process denied her due process and a fair hearing. We agree and remand for further proceedings.
The trial judge had established his own unique program for the conduct of child custody matters. The court's "rules" apparently were unpublished but understood by the practitioners subject to its jurisdiction *29 and are reflected in the court's "Order for Social Investigation" and a later "Order on Motion for Continuance."
In the case before us, the trial court severely restricted the right of the parties to call witnesses for cross-examination. Only those witnesses whose names had been furnished to the Department of Health and Rehabilitative Services investigator and whose statements to the investigator (to be covered in cross-examination) were outlined and furnished to the court, could be called. Witnesses whose names had not been furnished to the investigator could not be called unless the party explained why the names had not been furnished. The investigator could not be called for cross-examination. The investigator's report, as prepared, contains no conclusion or recommendation, and no findings of fact, and is nothing more than a hearsay compilation of unsworn statements.
The pronounced purpose of this procedure was to avoid needless delay of final hearings, consumption of time, confusion of issues and presentation of cumulative evidence. The court cited as authority for this practice sections 90.612(1)(b) and 90.403, Florida Statutes (1978).
Consideration of a report prepared as authorized under section 61.20, Florida Statutes, was approved in Kern v. Kern, 333 So.2d 17, 21 (Fla. 1975), where the supreme court stated:
[W]e hold that section 61.20, Florida Statutes, to be a constitutional legislative recognition of the necessity for professional social workers' investigative skills and personal counseling as a means of furthering the trial court's search for just and humane results in this sensitive area.
The Kern court also found:
Implicit in section 61.20, Florida Statutes, of course, is a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained. In the instant case, nothing prevented Mrs. Kern from calling as witnesses the case workers who prepared the reports as well as the persons whom they interviewed nor from attempting to discredit the methods used to reach conclusions adverse to her cause... . (emphasis added)
Id. at 20.
Thus, section 61.20 authorizes the court to consider the information contained in the report, it does not authorize use of the report to obviate the right of the parties to a trial of their cause before the court whether or not a report is ordered, and the extent of consideration of the report by the court is clearly a matter of discretion of the court. See § 61.20, Fla. Stat. (1981).
Section 61.20 requires the Department to furnish the court with its recommendation along with a written statement of facts found in its social investigation on which its recommendations were based. As stated in Kern, the legislature recognized the necessity for professional social worker's investigative skill and personal counseling as a means of furthering the trial court's search for a just and humane result. To permit, much less require, the compilation of the report without personal interviews of the witnesses and without recommendations of a professional defeats the very purpose of the statute. The very professional skills which the legislature wanted to bring into play are disregarded. Also, the value and accuracy of any social investigation will vary with the skill, experience, perception and industry of the case worker. Therefore, restricting a party's right to interrogate the case worker as to these matters was improper.
We therefore hold that a trial court is authorized by section 61.20 to consider a social investigation report, prepared as required by the statute; it cannot, by ordering the report, deprive or restrict the parties of their right to present testimony or other evidence or to cross-examine witnesses. However, by this holding, we do not imply that a court may not, by pre-trial order, restrict the number of witnesses to *30 avoid merely repetitious or cumulative testimony. §§ 90.403, 90.612, Fla. Stat. (1979). There is no rule of procedure, however, that authorizes a court to require a party to state in advance the nature and extent of his cross-examination. Cross-examination is governed by the scope of the direct examination, which in a case such as this would be the statement furnished to the investigator or such testimony as the witness may give at trial.
Appellant also contends that the trial court erred in considering matters which occurred before the marriage of the parties was dissolved in deciding to modify a stipulated custody decree approved by it at the time of their divorce. Appellant contends that the sole issue presented to the trial court by the pleadings at the time of final hearing was whether she had conducted herself, subsequent to the entry of final judgment, in a manner which would render the father's rights of child visitation meaningless. Appellant relies upon this court's decision in Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). See also Klein v. Klein, 204 So.2d 239 (Fla. 3d DCA 1967); Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979). However, Stricklin was not intended to severely limit the discretion of the trial judge to determine what is always the object of a custody proceeding, that is, the best interests of the child. As the trial judge noted here, it is often necessary, where custody is determined pursuant to an agreement of the parties, to inquire into the circumstances which existed at the time of the divorce. In Stricklin, this court stated that "[W]hen considering a petition for modification of custody, the court does not have the same degree of discretion as it does in entering the original decree." Id. at 1184. This does not imply that the trial court has no discretion. The limitation of the rule is to prevent the retrial of the same issues at a second trial or to permit another judge at a later date to review the factual circumstances on which the trial judge relied.
The record tends to show that Appellant had experienced manifestations of mental illness, some of which occurred prior to the dissolution. The trial judge observed that had he been aware of this prior to the final judgment, he would not have initially awarded custody to the appellant. We do not conclude from this statement that he was basing his decision on conditions which existed prior to the dissolution because much of the record and psychiatric evaluation was as to appellant's condition subsequent to the dissolution and its effect on the child.
We therefore reverse and remand to the trial court for further proceedings consistent herewith, to include modification of the HRS' report to conform to the requirement of section 61.20, Florida Statutes, and to permit cross-examination of all witnesses furnishing information for the report, the person preparing the report, and such rebuttal evidence as may be competent, material and relevant.
REVERSED and REMANDED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] Section 61.20, Florida Statutes, provides:

In any action where the custody of a minor child is in issue, the court may request the Department of Health and Rehabilitative Services or qualified staff of the court to make an investigation and social study concerning all pertinent details relating to the child and each parent. The department or qualified staff of the court shall furnish the court with a written report with its recommendation with a written statement of facts found in its social investigations on which its recommendations are based. The court may consider the information contained in the report in making a decision on the child's custody and the technical rules of evidence do not exclude such report from consideration.