536 So.2d 358 (1988)
Barbara Arlene CLAYMAN, N/K/a Arlene Burch, Appellant,
v.
Bruce Jay CLAYMAN, Appellee.
No. 87-2894.
District Court of Appeal of Florida, Third District.
December 27, 1988.
Hertzberg & Malinski, P.A., and Deborah Marks, Miami, for appellant.
Bruce Jay Clayman (Klamath Falls, Oregon), in pro. per.
Before BARKDULL, BASKIN and JORGENSON, JJ.
PER CURIAM.
Barbara Arlene Clayman, n/k/a Arlene Burch, appeals from an order of modification of primary parental responsibility which granted the father primary residential custody. For the reasons which follow, we reverse.
In December, 1984, the parties' marriage was dissolved in California; joint legal custody of their minor children and shared physical custody was ordered. Until September, 1985, the children spent alternate weeks with each parent in California. The mother then moved to Dade County, Florida; the father established residency in Oregon. The father, however, lived in Dade County from February through August of 1986. In August, 1986, the father removed the children from Florida and enrolled them in school in Oregon without the mother's consent. The father filed custody modification proceedings in California; in Florida, the mother filed a petition to establish the California decree, to modify custody, and for contempt. The father then dismissed the California action and filed a modification proceeding in Oregon. Following motions and hearings on the jurisdictional issues, the Florida court ordered the father to return the children to Florida. The father did not comply. In August, 1987, following a hearing at which both parents appeared, the Oregon court determined it lacked jurisdiction over the children. The mother returned to Florida with the children. On August 28, 1987, the father appeared in Florida in response to an order to show cause why he should not be held in contempt of court. The trial court found the father in contempt but deferred sentencing. The court further ordered that home study reports be prepared by the appropriate court agencies in Oregon and Florida and appointed an examining psychologist and guardian ad litem for the children. On October 16, 1987, the mother moved for a continuance on various *359 grounds, including, inter alia, incomplete home studies. The court denied the motion and set trial for October 30, 1987.
The Oregon home study is dated October 13, 1987, and recommends that the court give the father primary residential custody. The Florida home study report is dated October 22, 1987, and recommends that the court give the mother primary residential custody. The report from Dr. Haber, the court-appointed Florida psychologist, is dated October 28, 1987, and recommends that, although both the father and mother are good parents, the father provides the children more stability and should, therefore, be awarded primary residential custody.
Trial commenced October 30, 1987. On that morning, the mother renewed her motion for a continuance on the grounds that she had just that week received the reports (she received Dr. Haber's report that very morning), and that the father's counsel had not filed a notice of appearance until three days earlier. There had been confusion about whether the father was proceeding pro se or whether he had retained counsel, which made communications difficult. The trial court denied the renewed motion for continuance and proceeded with the trial, stating that he wanted custody matters resolved within sixty days from the date he received them.
The court admitted the home studies over the objections of the mother's counsel, who argued that she had not had the opportunity to travel to Oregon to depose the social worker who had written the report.[1]
After both parents and other witnesses testified, the court ordered the primary physical residence of the children to be with the father. The court specifically agreed with Dr. Haber's conclusions that the father offered more stability to the children.
The trial court abused its discretion when it refused to grant the mother's motion for continuance even though the parties had received one home study report earlier that week and Dr. Haber's report the morning trial commenced. Although the granting of a motion for a continuance is normally within the sound discretion of the trial court, In re Gregory, 313 So.2d 735 (Fla. 1975), procedural due process requires that, when the trial court relies on home study investigative reports in custody proceedings, "counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained." Kern v. Kern, 333 So.2d 17 (Fla. 1976); Perlman v. Perlman, 502 So.2d 951 (Fla. 3d DCA 1987). The trial court's denial of the mother's motions for a continuance denied her sufficient opportunity to review the reports and, if necessary, depose those who had prepared them and present to the court any evidence which would rebut the recommendations.
We reverse the order which gave the father primary residential custody of the children and remand for a new trial. We instruct the trial court to reset this cause for trial for a date which will allow the parties sufficient time to review the reports, depose the social workers and psychologist, and prepare their rebuttals.
Reversed and remanded with instructions.
NOTES
[1] The Oregon home study was not done under the auspices of any Oregon court. The social worker who prepared the report did not meet with or interview the mother.