PER CURIAM.
The husband appeals the final judgment entered in the dissolution proceedings below. One of his ten issues on appeal is that he did not have sufficient time before the final hearing to review a psychological report. We reverse as to that issue and affirm the other nine issues.
On February 7, 1990, the husband filed a notice of trial to set the date of the final hearing. On February 13, 1990, the trial judge ordered that each party be examined by a psychologist. That report was ordered to be filed with the court within 45 days. On February 16, 1990 the court set April 2, 1990 as the date for the final hearing. On March 23, 1990 the husband requested a continuance because the psychologist would not have the report completed before the final hearing. By pretrial order discovery ceased as of March 26, 1990. On April 6, 1990, the trial court denied the husband’s request for the continuance. The husband’s attorney received the report via fax on April 10, 1990 at approximately 4:00 p.m. The psychologist recommended that the couple’s minor children should reside with the mother. The final hearing took place on April 11, 1990 and among other things, the trial judge ordered that the wife be the- primary residential parent.
In Kern v. Kern, 333 So.2d 17 (Fla.1976), the supreme court recognized that a party’s due process is violated when a trial court relies on a report but fails to give the party an opportunity to review the report for the purpose of introducing any evidence that might rebut the conclusions or recommendations contained in the report. Also, in Clayman v. Clayman, 536 So.2d 358 (Fla. 3d DCA 1988), the Third District found that an abuse of discretion occurs when a trial court denies a party “sufficient opportunity to review ... reports and, if necessary, depose those who had prepared them and present to the court any evidence which would rebut the recommendation.” Id. at 359.
Sub judice, we find that the trial judge abused his discretion when he denied the husband’s motion for continuance. The husband did not have, an adequate opportunity to review the report relied upon by the trial judge, prepare for cross examination of the psychologist or organize a rebuttal to the adverse recommendations contained in the report.
We remand the child custody issue for further proceedings consistent with this opinion and direct the trial judge to take whatever additional testimony is necessary to resolve any other issue that may be affected by his final decision as to child custody.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
DOWNEY and GARRETT, JJ„ and WALDEN, JAMES H., (Retired) Associate Judge, concur.