626 So.2d 287 (1993)
Janice C. CRIFACI, Appellant,
v.
Vincent G. CRIFACI, Appellee.
No. 92-2612.
District Court of Appeal of Florida, Fourth District.
November 3, 1993.
Ralph Mabie, Jr. of Law Office of Mabie and Mabie, West Palm Beach, for appellant.
Richard J. Monescalchi of Law Office of Richard J. Monescalchi, Lake Worth, for appellee.
DOWNEY, JAMES C., Senior Judge.
Appellant/wife, Janice C. Crifaci, appeals from an order modifying an earlier judgment of dissolution of marriage which changed her child visitation rights due to her ex-husband moving from Florida to Pennsylvania. We have considered the arguments of counsel and hold that the trial judge abused her discretion and committed reversible error under the circumstances of this case.
The record reflects that in November 1987, the trial court entered the original judgment of dissolution which awarded primary residential custody of the minor child to the *288 appellee/husband, Vincent Crifaci, with frequent and liberal maternal visitation. In 1991, the husband moved to Pennsylvania and after a period of controversy over visitation and other matters, the husband petitioned the trial court to modify the visitation schedule, require the wife to pay child support and prohibit her from disparaging the husband in the presence of the child. The wife counterclaimed for primary residential custody and on June 1, 1992, the case was set for trial on a trial docket beginning July 20, 1992. On June 11, 1992, the parties agreed to a social investigation pursuant to section 61.20, Florida Statutes (1991). A calendar call was scheduled for June 16, 1992, which the wife's counsel did not attend. The case was then set for a definite trial date of July 27, 1992.
At the commencement of the trial on July 27, 1992, the wife orally moved for a continuance on the grounds that the report of the social investigation was received by her on Friday, July 24, two days before the trial began. The wife contended that the report contained information which damaged her case and that she had insufficient time to prepare a rebuttal. The trial court suggested that they have the custody evaluator testify but the wife's counsel declined the suggestion and offered no evidence at trial. In support of the trial court's decision to deny a continuance, the record shows that the wife's counsel failed to make any pretrial motion for a continuance as the time for trial neared and the husband, along with a number of witnesses, had travelled from Pennsylvania to West Palm Beach for the trial. The continuance was denied, the husband put on his case and the matter was concluded.
The trial court ultimately ruled in favor of the husband by continuing residential custody with him and providing for visitation according to the Family Division standard Out-Of-State Visitation Schedule attached to the judgment. The wife contends on appeal that the trial court erred in denying her motion for continuance due to the tardiness of the custody evaluation report prior to trial and the resulting prejudice to her case.
Had the trial court declined to admit the report of the social investigation and tried the case on such evidence as the parties adduced, we would be inclined to approve the exercise of the trial court's discretion in denying the continuance. However, in allowing the consideration of the hearsay evidence contained in reports of this nature in custody determination, the Supreme Court of Florida in Kern v. Kern, 333 So.2d 17 (Fla. 1976), was careful to point out the safeguards necessary to justify the departure from the usual evidentiary rule regarding hearsay. In that case, the constitutionality of section 61.20, Florida Statutes (1976), admitting into evidence reports and social investigations in custody matters was brought into question on a due process basis. In holding such reports admissible, the court said:
By providing the trial court with potentially valuable information compiled by professional social workers, the instant statute constitutes a legislative cognition of the suitability of modified proceedings in this special area.
It has been held that, so long as such reports or a description of the contents thereof are made available to the parties, there is no violation of due process guarantees. Trial courts have consistently been reversed, however, for considering such reports without notice to, or knowledge of, the parties. See e.g., Dees v. Dees, 41 Wis.2d 435, 164 N.W.2d 282 (1969); McGuire v. McGuire, 140 So.2d 354 (Fla. App.2d 1962); Herb v. Herb, 8 A.D.2d 419, 188 N.Y.S.2d 41 (1959). Implicit in section 61.20, Florida Statutes, of course, is a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained.
Id. at 20 (footnote omitted).
Following Kern, the Third District Court of Appeal in Clayman v. Clayman, 536 So.2d 358 (Fla. 3d DCA 1988), in dealing with a motion for continuance due to the late filing of a custody evaluation report, held:
The trial court abused its discretion when it refused to grant the mother's motion for *289 continuance even though the parties had received one home study report earlier that week and Dr. Haber's report the morning trial commenced. Although the granting of a motion for a continuance is normally within the sound discretion of the trial court, In re Gregory, 313 So.2d 735 (Fla. 1975), procedural due process requires that, when the trial court relies on home study investigative reports in custody proceedings, "counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained." Kern v. Kern, 333 So.2d 17 (Fla. 1976); Perlman v. Perlman, 502 So.2d 951 (Fla. 3d DCA 1987). The trial court's denial of the mother's motions for a continuance denied her sufficient opportunity to review the reports and, if necessary, depose those who had prepared them and present to the court any evidence which would rebut the recommendations.
Id. at 359.
Finally, in Fredricks v. Fredricks, 575 So.2d 808 (Fla. 4th DCA 1991), this court, in line with the previously cited cases, held that an opportunity to review such reports and marshal a defense is essential to the admissibility thereof. This court stated:
In Kern v. Kern, 333 So.2d 17 (Fla. 1976), the supreme court recognized that a party's due process is violated when a trial court relies on a report but fails to give the party an opportunity to review the report for the purpose of introducing any evidence that might rebut the conclusions or recommendations contained in the report. Also, in Clayman v. Clayman, 536 So.2d 358 (Fla. 3d DCA 1988), the Third District found that an abuse of discretion occurs when a trial court denies a party "sufficient opportunity to review ... reports and, if necessary, depose those who had prepared them and present to the court any evidence which would rebut the recommendation." Id. at 359.
Id. at 809.
In light of the jurisprudence surrounding the admissibility of reports of custody investigations, we feel compelled to reverse the judgment appealed from because the present case is a classic one for application of the rules laid down in the cited cases.
We are not unsympathetic toward the conundrum presented to the trial judge on Monday morning of the trial when, for the first time, she is apprised of the fact that the report was so tardily filed. The wife's trial counsel could have obviated the problem by filing a motion for continuance earlier, when it was apparent that the report might not be ready. Alternatively, he could have sought to continue the remainder of the trial to a later date, after presenting so much of the evidence as was then available.
In any event, all things considered, it is our opinion that the due process problem outweighs other considerations and requires a reversal of the judgment and a remand for further proceedings to enable the wife to present her rebuttal, if any, to the findings in the report of the social investigation.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
FARMER and PARIENTE, JJ., concur.