671 So.2d 849 (1996)
Daniel MILLER, Appellant,
v.
Susan MILLER, Appellee.
No. 95-1185.
District Court of Appeal of Florida, Fifth District.
April 12, 1996.
*850 William B. Barnett of Barnett, Barclay & Springmann, P.A., Orlando, for Appellant.
Steven J. Baines of Steven J. Baines, P.A., Kissimmee, for Appellee.
THOMPSON, Judge.
Daniel Miller ("the former husband") appeals the final order which modified a final judgment of dissolution by changing the residential custody of the parties' three minor sons from the former husband to Susan Miller ("the former wife"). The final order also established a parenting and visitation schedule and ordered the former husband to pay child support. The former husband alleges that he was denied procedural due process because the trial court would not allow the attorneys for the parties to examine the Guardian Ad Litem ("GAL") as a witness in the case. We reverse.
A final judgment of dissolution was entered in this case in 1987. The judgment provided for shared parental responsibility, and the former husband was designated the primary residential parent with "liberal and reasonable visitation" to the former wife. The parties agreed upon a visitation schedule. The former wife was also required to pay child support. In 1994, the former wife filed a petition to modify custody based upon substantial changes in circumstances: increased stability in her life, and the former husband's emotional and physical abuse of the three boys. The former husband filed a counter-petition for modification of the final judgment requesting increased child support and a formal visitation schedule. The trial *851 court scheduled the motion for hearing and appointed a GAL pursuant to section 61.401, Florida Statutes (1993).
The GAL in this case was a member of the Florida Bar. § 61.402, Fla.Stat. (1993). She prepared and filed an extensive report with copies to the parties' attorneys. At the hearing, however, the trial court denied the parties' requests to call the GAL to examine her about the contents of her report and her recommendation. The trial court stated:
I am going to let the guardian ad litem present her recommendations to the court.... I'm not considering what [the guardian ad litem is] doing [to be] testifying, but the guardian ad litem is going can present her recommendations to the court.
The guardian ad litem has submitted a report.... To the extent that either disagrees with the report, they are free to present evidence that contradicts or disputes the report of the guardian ad litem. But I'm notI don't view the guardian ad litem, and I'm not going to be able to get lawyers to operate as guardian ad litem if I start subjecting them, you know, to cross-examination by all the lawyers in cases. I don't view it that way. I view the guardian ad litem as an independent individual who is giving a position as to what they think is in the best interest of the child, just as you are going to suggest what you think is in the best interest from your client's perspective, and Mr. Trulock will do it from his client's perspective.
But I don't anticipate [the guardian ad litem] taking the witness stand and being cross-examined by you all. That's what I'm saying. But I am not precluding you by any means, either side, from contesting the factual allegations that are in the report and from disputing her recommendations.
Further, the trial court allowed the GAL to participate in the hearing by cross-examining witnesses, including the former wife, the former husband, a neighbor of the former husband, and a teacher of one of the children. Florida law allows the GAL to participate actively in the trial of a change of custody case, section 61.403(6), Florida Statutes (1993), but the failure to allow the GAL to be examined was reversible error.
The trial court relied upon the GAL report to change the custody of children who had lived with their father for approximately eight years. The report contained hearsay and the recommendation of the GAL. The former wife argues that the witnesses quoted in the GAL report were available at the trial to be examined and cross-examined, therefore, the failure to allow cross-examination of the GAL was not error. We disagree. It is a fundamental right in this country to confront one's accuser and to examine evidence the trial court relies upon to reach a decision. The parent in a change of custody case must be allowed an opportunity to rebut the conclusions of the report and to cross-examine the preparer. Leinenbach v. Leinenbach, 634 So.2d 252, 253 (Fla. 2d DCA 1994); Clayman v. Clayman, 536 So.2d 358 (Fla. 3d DCA 1988) (citing In re Gregory, 313 So.2d 735 (Fla.1975)). In this case the trial court deprived the former husband of the right to present a witness who was available, thereby depriving him of his right to a full hearing. Vazquez v. Vazquez, 626 So.2d 318 (Fla. 5th DCA 1993).
The Florida Supreme Court, addressing a report which dealt with a social investigation and recommendation utilized by the trial court pursuant to section 61.20, Florida Statutes, contemplated that the preparer of such a report could be called as a witness. The court stated:
Implicit in Section 61.20, Florida Statutes, of course, is a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained. In the instant case, nothing prevented Mrs. Kern from calling as witnesses the case workers who prepared the reports as well as the persons whom they interviewed nor from attempting to discredit the methods used to reach conclusions adverse to her cause. *852 Kern v. Kern, 333 So.2d 17, 20 (Fla.1976). See also, Landers v. Landers, 429 So.2d 27 (Fla. 5th DCA 1983). We find no basis to exclude the GAL from examination as a witness.
We also note that a trial court has less discretion in modifying a child-custody award than in entering the original decree. See Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993); Vazquez, 626 So.2d at 319; Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). For a change of custody, the noncustodial parent must demonstrate: (1) a substantial or material change in circumstances that occurred subsequent to the entry of the original custody order; and (2) that the best interest of the child, or in this case children, would be promoted by a change in custody. Schweinberg, 627 So.2d at 551; Stricklin, 383 So.2d at 1184. In this regard, the party seeking to modify a child-custody award carries an "extraordinary burden." Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984); McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982).
Applying that test to the record in this case leads to the inescapable conclusion that the evidence presented was insufficient, and therefore, that the trial court abused its discretion when it changed the primary residence of the parties' three boys to that of the former wife. The mother proved that she had remarried and had better employment. This is not a substantial change in circumstances. Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990). The other factors raised by the former wifethat the former husband allowed the boys, who live in a rural area, to burn trash unsupervised; that he allowed them to own a BB gun; and that he allowed them to swim in a culvert where a neighbor, but not the father, saw poisonous snakesdo not establish that the best interest of the children would be served by changing custody. Stricklin, 383 So.2d at 1184. The remaining allegations of continuing animosity between the former wife and the former husband and his current wife can be addressed by sanctions or contempt procedures. See Schweinberg, 627 So.2d at 551; Tessler v. Tessler, 539 So.2d 522, 523 (Fla. 4th DCA), rev. denied, 549 So.2d 1014 (Fla. 1989).
Accordingly, we reverse the change of custody, and we remand for a hearing on the father's counter-petition for increased child support.
REVERSED and REMANDED for proceedings consistent with this opinion.
PETERSON, C.J., and COBB, J., concur.