THOMPSON, Judge.
Tracy A. Black Stockel, the former wife, appeals the denial of her motion to dissolve an ex parte injunction prohibiting her from removing the parties’ child from Florida. We affirm.
In Mize v. Mize, 621 So.2d 417 (Fla.1993), the Florida Supreme Court set guidelines to assist a court in deciding the difficult problem of when a custodial parent may relocate with minor children from the jurisdiction of the court that entered the judgment. In Mize, Florida adopted a general rule that the primary custodial parent may relocate as long as the request is made in good faith and as long as relocation is in the best interest of the child. Id. at 419, 420. Because no bright line test could be developed that would apply to all cases, Mize requires trial courts to consider the six factors[1] set forth in the *497 opinion and to appi’ove the relocation, as long as the relocation is well-intentioned and based on a founded belief that the relocation is in the best interests of the custodial parent and the children, rather than a vindictive desire to interfere with the visitation of the noncustodial parent. Id. In Russenberger v. Russenberger, 669 So.2d 1044, 1046 (Fla.1996) (citing Mize v. Mize, 621 So.2d 417 (Fla.1993)), the court clarified that, upon a showing of good faith, the custodial parent is entitled to rebuttable presumption[2] in favor of relocation and that, in considering opposition to relocation, the trial court should weigh the six Hill factors. Russenberger at 1046. Noncustodial parents seeking to prevent the move can offer evidence to rebut the presumption and the trial court must weigh the evidence on a case-by-ease basis. Id. In this ease, the parties presented evidence in favor of and in opposition to the relocation at a contested hearing. Therefore, the sole issue for our review is whether there was competent substantial evidence to support the trial court’s conclusion. See e.g. Card v. Card, 669 So.2d 1228 (Fla. 5th DCA 1995).[3] We find there was.
The trial court found that the former wife had not fostered visitation between the father and son and would not adequately foster their relationship if she were permitted to relocate with the child outside the state of Florida. The court also found that it would not be in the best interest of the child to dissolve the injunction. Because the record contains conflicting evidence as to the former wife’s good faith in relocating, the motivation for the move, her compliance with substitute visitation arrangements, as well as the child’s continuing relations with the former husband, the court’s order is affirmed. See Rus-senberger; Mize.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.

. The six factors were adopted from the Third District’s decision in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989) (Schwartz, J., specially concurring). rev. denied, 560 So.2d 233 (Fla.1990). The factors are:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
*497 3. Whether the custodial parent, once out of the jurisdiction, will he likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child.

. Cf., Ch. 97-242, § 2, Laws of Fla. (amending section 61.13, effective 1 July 1997):
(d) No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent.

. In this case, there was no prohibition against relocation in the final judgment. Cf., Landingham v. Landingham, 685 So.2d 946 (Fla. 1st DCA 1996).