713 So.2d 437 (1998)
Carole Ann Dunbar ROBINSON, Appellant/Cross-appellee,
v.
Stephen Ernest ROBINSON, Appellee/Cross-appellant.
No. 97-00204.
District Court of Appeal of Florida, Second District.
June 5, 1998.
Rehearing Denied July 9, 1998.
Ronald J. Russo, Tampa, for Appellant/Cross-appellee.
James M. Heptner, Tampa, for Appellee/Cross-appellant.
PER CURIAM.
Carole Ann Dunbar Robinson (the Wife) appeals the final judgment of dissolution of marriage which awarded primary residential care and custody of the minor child to Stephen Ernest Robinson (the Husband). The Husband cross-appeals the alimony awarded to the Wife. We reverse.
In this case, the trial court entered an order appointing a psychotherapist, Cathy Birckett, to conduct a custody evaluation. The order required Birckett to file her report no later than April 4, 1996. The order also required Birckett to provide copies of her report to each party's attorney upon filing it with the court. Despite the clear language of the trial court's order, Birckett did not complete her report until the first day of the final hearing on September 30, 1996. Further, Birckett did not provide her report to either party until she was called as a witness. When the Wife objected to the admission of the report, the trial court informed the Wife's counsel that he could have a ten-minute recess to review the report. Thereafter, *438 the court admitted the report as its own exhibit and relied upon it in constructing the final judgment. We hold that the admission of the report violated the Wife's right to due process.
The report in this case was the result of a social investigation conducted by the court-appointed psychotherapist pursuant to section 61.20, Florida Statutes (1995). Section 61.20 provides in relevant part:
(1) In any action where the custody of a minor child is in issue, the court may order a social investigation and study concerning all pertinent details relating to the child and each parent when such an investigation has not been done and the study therefrom provided to the court by the parties or when the court determines that the investigation and study that have been done are insufficient. The agency, staff, or person conducting the investigation and study ordered by the court pursuant to this section shall furnish the court and all parties of record in the proceeding a written study containing recommendations, including a written statement of facts found in the social investigation on which the recommendations are based. The court may consider the information contained in the study in making a decision on the child's custody and the technical rules of evidence do not exclude the study from consideration.
§ 61.20, Fla. Stat. (1995).
In Kern v. Kern, 333 So.2d 17 (Fla.1976), the Florida Supreme Court addressed the constitutionality of social investigation reports under section 61.20. In doing so, the supreme court also delineated the procedural safeguards that must be observed in order for the social investigation report to be admissible into evidence in a child custody proceeding. The supreme court stated:
By providing the trial court with potentially valuable information compiled by professional social workers, the instant statute constitutes a legislative cognition of the suitability of modified proceedings in this special area.

It has been held that, so long as such reports or a description of the contents thereof are made available to the parties, there is no violation of due process guarantees. Trial courts have consistently been reversed, however, for considering such reports without notice to, or knowledge of, the parties. See, e.g., Dees v. Dees, 41 Wis.2d 435, 164 N.W.2d 282 (1969); McGuire v. McGuire, 140 So.2d 354 (Fla.App.2d 1962); Herb v. Herb, 8 A.D.2d 419, 188 N.Y.S.2d 41 (1959). Implicit in Section 61.20, Florida Statutes, of course, is a procedural due process requirement that when the trial court relies on such investigative reports, counsel for the parties should be given an opportunity to review the reports for purposes of introducing any evidence that might rebut the conclusions or recommendations which the reports contained.

Kern, 333 So.2d at 20 (footnote omitted; emphasis supplied).
We conclude that the trial court abused its discretion and violated the Wife's procedural due process rights by admitting Birckett's report into evidence and relying on it without first providing the Wife with a meaningful opportunity to review the report and prepare her rebuttal. See Kern, 333 So.2d at 20; Leinenbach v. Leinenbach, 634 So.2d 252 (Fla. 2d DCA 1994); Crifaci v. Crifaci, 626 So.2d 287 (Fla. 4th DCA 1993). Accordingly, we reverse the custody determination and remand for a new trial.
We also reverse the amount of alimony awarded to the Wife. Despite the trial court's finding that the Husband voluntarily left his previous employment, which is supported by competent evidence, the trial court erred in not conducting a full and proper inquiry concerning the imputation of income. In Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991), this court stated that prior to imputing income, "[t]he court must consider not only recent work history but also occupational qualifications and prevailing earnings." See also § 61.30(2)(b), Fla. Stat. (1995).
Here, the imputation of income to the Husband was based solely upon the Husband's prior salary. The trial court did not consider the Husband's occupational qualifications or the prevailing earnings level in the *439 community for a plumber with his qualifications. Upon remand, the trial court should determine the Husband's earning potential based upon his recent work history, occupational qualifications, and the prevailing earnings level in the community. Further, the trial court may consider the apartment and utilities the Husband receives as compensation from his new employer when determining gross income. See § 61.30(2)(a)13, Fla. Stat. (1995).
Finally, we direct the trial court to readdress the child support award if any changes are made in the income level assigned to the Husband. Regardless of which parent is awarded primary residential custody on remand, the child support award must be revised to reflect the income level assigned to the Husband.
Reversed and remanded.
PARKER, C.J., and CAMPBELL and CASANUEVA, JJ., concur.