718 So.2d 842 (1998)
Eddie R. CONNELL, Appellant,
v.
Denise CONNELL, Appellee.
No. 97-01878.
District Court of Appeal of Florida, Second District.
August 14, 1998.
Rehearing Denied September 22, 1998.
Karol K. Williams and Allison Perry, Tampa, for Appellant.
Randall O. Reder of Randall O. Reder, P.A., Tampa, and Nilo J. Sanchez, Jr., Tampa, for Appellee.
ALTENBERND, Judge.
Eddie R. Connell appeals a final judgment of modification in this dissolution proceeding. We affirm all aspects of the final judgment, except the amount of income imputed to Mr. Connell for purposes of child support.
In May 1992, when the Connells were divorced, Mr. Connell was earning approximately $45,000 per annum as a welder at GC Service Company, Inc. This income was exceptional for a welder, and included significant overtime. In January 1994, Mr. Connell lost this job, apparently due to off-the-job misconduct. Thereafter, he obtained several jobs paying between $8 and $14 an hour. In April 1995, Mr. Connell started his own lawn care service. In 1996, he earned less than $1,100 per month from this business venture.
Mr. Connell filed a petition for downward modification of his child support obligation in September 1996. Mrs. Connell subsequently filed a counter-petition, requesting an upward modification of Mr. Connell's child support obligations. Following an evidentiary hearing, the trial court denied Mr. Connell's petition and granted Mrs. Connell's request for an upward modification. The trial court found Mr. Connell to be underemployed and imputed income equivalent to $55,000 per annum. The $55,000 was based on an extrapolation from Mr. Connell's reported income for his last month of work at GC Service in January 1994. This resulted in a monthly child support obligation of $1,394.
*843 We conclude that the evidence was sufficient to support the trial court's determination that Mr. Connell was "underemployed" for the purposes of section 61.30(2)(b), Florida Statutes (1995), and that such underemployment was "voluntary." The trial court, however, could only impute a level of income supported by the evidence concerning the "employment potential and probable earnings level of [Mr. Connell] ... based upon his ... recent work history, occupational qualifications, and prevailing earnings level in the community." § 61.30(2)(b), Fla. Stat. (1995); cf. Robinson v. Robinson, 713 So.2d 437 (Fla. 2d DCA 1998) (court in imputing income must consider not only recent work history, but also occupational qualifications and prevailing earnings); Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991); Desilets v. Desilets, 377 So.2d 761, 764 (Fla. 2d DCA 1979) (imputing income for purposes of alimony based on capability to earn more by use of best efforts). In this case, the trial court should not have utilized Mr. Connell's monthly income for January 1994 as the sole basis for imputing annual income in 1996. See, e.g., Ensley v. Ensley, 578 So.2d 497, 498 (Fla. 5th DCA 1991) (where person cannot find employment that will command salary earned in previous job, futile to design support payments based upon imaginary income from unattainable employment).
From a review of the entire record, we conclude that the maximum annual imputed income supported by the evidence would be 2000 hours at $12 per hour, resulting in a monthly gross income of $2,000. On remand, we instruct the trial court to recalculate the child support obligation at this maximum level from the date of the petition in September 1996, unless the evidence on remand establishes that Mr. Connell has actually earned a greater amount during a portion of the period since September 1996.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
PATTERSON, A.C.J., and CASANUEVA, J., concur.