THOMPSON, Judge.
Mark L. Wood, the former husband, appeals an order allowing Michele Marie Wood, the former wife and primary custodian of the parties’ child, to relocate from Orlando, Florida to Chicago, Illinois.
At the hearing on the former wife’s petition to relocate, she testified about the impact the dissolution and litigation had upon her finances. She filed a petition for dis *1176 charge in bankruptcy and was on the verge of losing her house to foreclosure. She had to sell four rooms of furniture, and her father was making her car payments. Her poor financial condition was aggravated by the former husband’s failure to timely pay alimony and child support. On the other hand, she testified, a move to Chicago would allow her to improve her child’s quality of life. The former wife’s employer, an insurance company, had approved her transfer to its Chicago office. Because she had been given a “book” of established Chicago clients, the transfer amounted to a promotion and a raise. In addition, her family, which resides in Chicago and which owns an apartment building through a family trust, had arranged for her to rent a two-bedroom apartment for $500 per month without the requirement of a deposit or a credit check. Further, she testified that she would bring the child back to Orlando every other month to visit the former husband while she attended to her local clients.
We have reviewed the record and the final order and we conclude that the record supports the trial court’s conclusion that the factors set forth by the supreme court in Mize v. Mize, 621 So.2d 417 (Fla.1993), and Russenberger v. Russenberger, 669 So.2d 1044 (Fla.1996), favor approval of the relocation. Although the former husband testified that he thought the wife sought relocation in order to defeat visitation, the record does not support his opinion. We affirm because there is substantial competent evidence to support the trial court’s conclusion that the petition to relocate should be granted. See Stockel v. Black, 703 So.2d 496 (Fla. 5th DCA 1997).
AFFIRMED.
W. SHARP and PETERSON, JJ., concur.