730 So.2d 426 (1999)
Steven Robin GRAY, Appellant,
v.
Christie MARTIN n/k/a Christie Hoss, Appellee.
No. 98-2625.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
*427 Christopher W. Wickersham, Sr., of Wickersham & Bowers, Daytona Beach, for Appellant.
Timothy M. Goan of Timothy M. Goan, P.A., Palm Coast, for Appellee.
ANTOON, J.
Steven Robin Gray (the father) appeals the final order entered by the trial court 1) granting the petition filed by Christie Martin (the mother) to move to Illinois with the parties' six-year-old child, and 2) denying the father's counter-petition to modify the final judgment of paternity by awarding him primary residential custody of the child. We affirm.
The trial court's order sets forth detailed findings of fact with respect to all of the statutory criteria contained in subsections 61.13(2)(d) & (3), Florida Statutes (Supp.1998). We must affirm the trial court's findings of fact because they are supported by substantial competent evidence. See Wood v. Wood, 715 So.2d 1175, 1176 (Fla. 5th DCA 1998). Although it is understandable that the father views the evidence in a different light, there is no merit in his assertion that the trial court abused its discretion in determining that the mother should be allowed to move to Illinois with their child. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We must also affirm the trial court's order denying the father's counter-petition. The father did not establish that there was a substantial or material change in circumstances that occurred subsequent to the entry of the original custody order, and that the best interests of the child would be promoted by a change in primary residential custody. See Miller v. Miller, 671 So.2d 849, 852 (Fla. 5th DCA 1996).
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.