PETERSON, J.
Noreen M. Garnett appeals a final judgment modifying child custody and awarding attorney’s fees to David Garnett. After careful review we conclude that the trial court did not abuse its limited discretion when it changed custody of two of the parties’ children. See Miller v. Miller, 671 So.2d 849 (Fla. 5th DCA 1996); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980).
We find only two matters that need correction upon our remand to the trial court. First, we believe that the reference to “Mr. Nixon” in paragraph 9 of the judgment is a scrivener’s error and should be *947 corrected to refer to Mr. Garnett. Second, the record does not reflect compliance with the requirements of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) in awarding partial attorney’s fees to the former husband. Upon remand, the trial court shall conduct an evidentiary hearing to consider whether the Rowe factors support the fee award and if not, modify the award. Notwithstanding, we agree with the trial court that in view of the length of trial of this matter that the fee awarded seems reasonable and suggest that the appellant may. wish to reconsider whether an additional hearing is economically feasible.
The judgment is affirmed except that we vacate the amount of the award of attorney’s fees and remand for redetermination and to correct the scrivener’s error.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
HARRIS and GRIFFIN, JJ., concur.