890 So.2d 1248 (2005)
Sherri Lynn SCHMITZ, Appellant,
v.
Paul Richard SCHMITZ, Appellee.
No. 4D04-455.
District Court of Appeal of Florida, Fourth District.
January 19, 2005.
*1249 Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, Sari Teichman Addicott and Michael L. Addicott of Addicott & Addicott, P.A., Hollywood, for appellant.
Nancy W. Gregoire and Joel L. Kirschbaum of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing, withdraw the opinion issued on November 10, 2004, and substitute the following.
Appellant, Sherri Lynn Schmitz, appeals from the non-final Order on Temporary Injunction for Protection Against Domestic Violence and Other Temporary Relief. She argues that she was deprived of due process at the hearing because, contrary to Florida Family Law Rule of Procedure 12.363(b)(1) (2003), the trial court permitted the use of the custody evaluation psychological report which was completed and delivered to appellant's counsel the day before the hearing. We agree and reverse.
Pursuant to section 741.30, Florida Statutes (2003), the trial court held a hearing on the temporary injunction for protection against domestic violence issued against appellee and considered the issue of custody of the children of the parties. Two months before the hearing a custody evaluator was appointed. On Sunday, the day before the hearing, which had been continued twice, the report was completed and delivered to the parties' attorneys. The report was thirty-five pages single-spaced and recommended that the children be removed from appellant's custody due to the severe alienation of the children by their mother (appellant) from their father. Finding that the circumstances amounted to an emergency, the trial court, over the repeated objections of appellant that she needed more time to prepare, permitted the testimony of the psychologist, which was based upon the report.
We find that the circumstances of this case do not rise to the level of the extraordinary circumstances required to find a true emergency as held in Stanley-Baker v. Baker, 789 So.2d 353, 355 (Fla. 4th DCA 2001). Thus, the trial court's decision to permit the testimony of the psychologist that was based upon her report, which was received by appellant the day before the *1250 hearing, was an abuse of discretion and deprived appellant of procedural due process. See Crifaci v. Crifaci, 626 So.2d 287, 288 (Fla. 4th DCA 1993).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.