950 So.2d 462 (2007)
Sherri Lynn SCHMITZ, Appellant,
v.
Paul Richard SCHMITZ, Appellee.
Nos. 4D05-2991, 4D05-4166.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
Rehearing Denied March 30, 2007.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellant.
Nancy W. Gregoire and Joel L. Kirschbaum of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellee.
TAYLOR, J.
In this appeal from a final judgment of dissolution, Sherri Lynn Schmitz, the wife, contends that the trial court erred in determining marital assets and liabilities as of the date of trial instead of the date of filing of the petition and by including the husband's post-filing debts for litigation expenses in equitable distribution. Because these errors resulted in unequal distribution, we reverse and remand for further proceedings.
The parties were married for eighteen years and have three minor children. The husband, Paul Richard Schmitz, filed the petition for dissolution on July 8, 2003. When the action was filed, the parties' net marital worth was $3,294,400. By the time of trial, the parties' net worth had decreased to $2,858,348 because of litigation fees and costs incurred in this case. The husband obtained lines of credit against jointly-owned properties to fund the litigation: $100,000 against the marital home and $418,966 against three rental properties. The evidence at trial showed that the husband had paid his attorneys $230,384 and his accountant $61,332. The wife, by contrast, received only one temporary fee award of $87,926 from these funds and still owed $234,910 to her attorneys, $78,165 to her accountant, and $48,657 to her expert psychologist. The marital debt was comprised solely of loans against the parties' home, a mortgage for approximately $300,000 and a loan of $40,000 from the wife's parents.
*463 In the final judgment, the trial court determined the date of identification of marital assets and liabilities to be the first day of trial, October 4, 2004, rather than the date of filing of the dissolution petition, July 28, 2003. It identified the husband's non-marital property as $212,453 equity in three rental properties, and $21,248 in contributions to his deferred compensation plans after the filing of the petition. The court did not identify any other non-marital assets or liabilities. Rather, the court deducted both the marital debt and the husband's post-filing lines of credit as marital liabilities. The court awarded the husband $1,767,714 in gross assets, and the wife $1,864,193. It awarded the marital home encumbered by the $340,860 marital debt and the husband's $100,000 post-filing line of credit to the wife. The court awarded the three rental properties encumbered by the husband's post-filing lines of credit, $416,966, to the husband. Thus, the properties were distributed subject to all encumbrances and lines of credit. This, according to the wife, was error.
The wife argues that the trial court erred in identifying the marital assets and liabilities at the date of trial rather than the date of filing, and that this error resulted in an unintended inequitable distribution. She explains that she was awarded marital assets encumbered by liabilities incurred by the husband after the date of filing the petition, which decreased her marital equity by a substantial amount.
Section 61.075(6), Florida Statutes, states, in pertinent part:
The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.
This section provides a bright line rule for setting the date to be used for classifying marital assets and liabilities for the purpose of equitable distribution. See Rao-Nagineni v. Rao, 895 So.2d 1160, 1161 (Fla. 4th DCA 2005); Caruso v. Caruso, 814 So.2d 498, 504 (Fla. 4th DCA 2002). Here, because the parties did not have a separation agreement or agree on any alternative date in any other agreement, the trial court should have identified the assets and liabilities as marital as of the date of the filing of the petition for dissolution. See Byers v. Byers, 910 So.2d 336, 345 (Fla. 4th DCA 2005) (holding that the trial court abused its discretion in including a loan obtained by the husband during the dissolution proceedings as a marital liability); Leeds v. Adamse, 832 So.2d 125, 126 (Fla. 4th DCA 2002) (holding that trial court erred in classifying furniture debt incurred by the husband four days after the wife filed petition for dissolution as a marital liability for purposes of equitable distribution).
Under the trial court's equitable distribution scheme, the husband's postfiling debts were included as marital liabilities, which resulted in the wife's incurring one-half of the husband's debts for his attorney's and accountant's fees. See Smith v. Smith, 934 So.2d 636, 642 (Fla. 2d DCA 2006) (holding that mediation fees paid by the husband are not considered a marital liability and in any event should not have been included in the equitable distribution scheme because they were incurred after the date established for identification and valuation of marital liabilities).
Accordingly, we reverse and remand this matter for the trial court to identify marital assets and liabilities as of the date of filing of the petition for dissolution and *464 reconsider equitable distribution consistent with this opinion. Because we find that the trial court did not abuse its discretion in awarding the wife only a portion of her attorney's fees, in computing the award of attorney's fees to the husband, and in denying the wife appellate attorney's fees following remand in Schmitz v. Schmitz, 890 So.2d 1248 (Fla. 4th DCA 2005), we affirm as to those issues.
STEVENSON, C.J., and WARNER, J., concur.