991 So.2d 922 (2008)
Linda Marie Anne SACKS, Appellant,
v.
David Michael SACKS and Food Supply, Inc., Appellee.
No. 5D07-1682.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
Rehearing Denied October 8, 2008.
*923 Clifton H. Gorenflo and Christine R. Stenger, of Gray & Gorenflo, P.A., Sanford, for Appellant.
James L. Rose, of Rice & Rose, P.A., and Leonard Ross, Daytona Beach, for Appellee.
GRIFFIN, J.
Linda Sacks ["Wife"] appeals the Final Judgment of Dissolution of her marriage to David Michael Sacks ["Husband"]. This has been a long and contentious dissolution and many errors are asserted on appeal. We conclude, however, that the trial court reversibly erred in one respect only.
Wife filed a Motion for Continuance shortly before the final hearing because the social evaluation of clinical psychologist, Dr. Deborah Day, previously ordered by the court, had not been completed, and her report had not yet been made available to the parties.[1] The trial court denied the motion.
Dr. Day's preliminary report, issued in November 2004, had recognized Wife's prior and continuing role as primary caretaker of the parties' two minor daughters, acknowledged her fitness, and recommended that she remain the parent with primary residential responsibility. In her revised and updated report, which first appears of record on March 7, 2007, two days before commencement of trial on March 9, 2007, Dr. Day catalogued a range of facts and circumstances causing her to change her previous opinion and to recommend that Husband be given primary residential responsibility for the girls.
On appeal, Wife draws the court's attention to many Florida cases in which it has been held that social evaluations, carried out by experts appointed by the court, are of such importance to decisions of child custody that due process requires that the parties receive the report within a reasonable period of time prior to trial so that each can properly evaluate the report, undertake discovery, where appropriate, and have an adequate opportunity for preparation of rebuttal evidence. See Schmitz v. Schmitz, 890 So.2d 1248 (Fla. 4th DCA 2005); Robinson v. Robinson, 713 So.2d 437 (Fla. 2d DCA 1998); Miller v. Miller, 671 So.2d 849 (Fla. 5th DCA 1996); Crifaci v. Crifaci, 626 So.2d 287 (Fla. 4th DCA 1993); Fredricks v. Fredricks, 575 So.2d 808 (Fla. 4th DCA 1991); Clayman v. Clayman, 536 So.2d 358 (Fla. 3d DCA 1988); Kern v. Kern, 333 So.2d 17 (Fla. 1976). See also Fla. Fam. L.R.P. 12.363(b) ("The written report shall be prepared and provided no later than 30 days before trial. . . .").
Husband does not address the legal authorities cited by Wife. Rather, Husband urges that Wife failed to object to the admission of the report at trial on the specific ground that she had not had an opportunity to adequately review it.[2] The error, however, lay in denying the Wife's Motion for Continuance, not in admission of the report. The trial was set to commence on March 9. Wife filed her pro se motion for continuance based on the lack of receipt of reports on February 28, 2007. The trial court ordered Husband to file a *924 response no later than noon on March 8. The updated report of Dr. Day first appears in the record as an attachment to Husband's written opposition to the motion, filed on March 7.[3] Ironically, Husband's opposition to the motion for continuance was based on Dr. Day's updated report. Husband argued that Dr. Day's new opinion that Wife's behavior was detrimental to the children was the reason why the change in custody should not be delayed by a continuance.
Under the case law, due process required that Wife have a reasonable opportunity to assess and prepare a response to the social evaluation report. Wife is entitled to a new hearing on the custody issue.
AFFIRMED in part; REVERSED IN PART.
SAWAYA and EVANDER, JJ., concur.
NOTES
[1] Wife also referenced a psycho-sexual evaluation of Husband that had been ordered by Dr. Day to be performed by Dr. Alan Grieco, but no report had been received by the parties. In her updated report, Dr. Day says that she received a report from Dr. Grieco and that the "findings were within normal limits."
[2] Wife was unrepresented at trial, and her only position at trial was that she was unable to represent herself and needed funds to hire counsel.
[3] The updated report is undated but bears a fax transmission time/date stamp of March 5, 2007 at 2:05 p.m.