PER CURIAM.
Perry David Odak (“husband”) and Rosalie Vitrano (“wife”), each challenge, in part, a final order dissolving their marriage and distributing marital assets. We affirm on all issues raised in the appeal and cross-appeal except for the trial court’s treatment of the husband’s severance pay.
The primary financial dispute in this case involves the treatment and distribution of various forms of compensation paid to the husband by Wild Oats Markets, Inc. (“Wild Oats”). From March of 2001 through November of 2006, the husband was the president and chief financial officer of Wild Oats. He was apparently hired by Wild Oats based on his experience in restructuring and “turning around” troubled companies.
The primary issues here are the trial court’s selection of a post-petition valuation date for stock in Wild Oats obtained by the husband during his employment, and the trial court’s treatment of the husband’s severance pay as a marital asset subject to equitable distribution. We first address the trial court’s selection of a post-petition valuation date.
Through his employment, the husband obtained options to purchase Wild Oats stock. He exercised these options by ob- *489 taming a loan from Wild Oats. In valuing the stock for equitable distribution, the trial court selected the trial date, and not the date of filing of the petition for dissolution of marriage, as the appropriate date of valuation.
The husband asserts that the rise in value of the Wild Oats stock was the result of his post-petition efforts to make the company more efficient and profitable. Under such circumstances, the husband contends that the proper valuation date is the date of filing of the petition for dissolution and that the wife should not benefit from the rise in the value of the stock which was occasioned by the husband’s efforts made after the filing of the petition. See, e.g., Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997).
The trial court did not abuse its discretion in selecting a post-petition date of valuation. There was conflicting evidence at trial relating to what caused the Wild Oats stock to rise in value. Based on the evidence adduced at trial, the trial court acted within its discretion in selecting the valuation date.
The husband next contests the trial court’s treatment of severance pay as a marital asset subject to equitable distribution. Husband argues that the trial court’s treatment of his severance pay as a marital asset was error as the right to receive severance pay did not exist at the time of the filing of the petition for dissolution of marriage. We agree.
The petition for dissolution of marriage in this case was filed in February of 2005. In May of 2005, the husband and Wild Oats amended the husband’s employment agreement. The amendment provided, for the first time, for the payment $1,639,346.00 in severance pay to the husband. In October of 2006, the husband and Wild Oats entered into a resignation agreement providing for the payment of $1,943,346.00 in severance pay.
The trial court determined that the severance payment was, in part, a marital asset. Using a coverture fraction, the trial court determined that $1,367,726.00 of the severance payment was a marital asset. Accordingly, the wife was awarded $683,863.45 as part of the equitable division of the marital assets.
Section 61.075(6), Florida Statutes (2004), provides a bright line rule for classifying marital assets and liabilities. Absent a valid separation agreement, the cutoff date for classifying marital assets is the date of filing of the petition for dissolution of marriage. Schmitz v. Schmitz, 950 So.2d 462, 463 (Fla. 4th DCA 2007). Here it is clear that the right to receive a severance payment did not exist until after the petition for dissolution was filed. Therefore, the severance payment received by the husband upon termination of employment with Wild Oats was not a marital asset subject to equitable distribution.
We are cognizant of the fact that the trial court did not award alimony based on a distribution of assets which included a share of the husband’s severance payment. However, the change in equitable distribution resulting from the exclusion of the husband’s severance pay as a marital asset does not require reconsideration of the issue of alimony by the trial court. The wife leaves the marriage with other substantial assets which precludes any need for alimony.
The wife asserts several issues in her cross-appeal relating to the trial court’s classification, treatment and valuation of certain marital assets. We are not persuaded by the wife’s argument and affirm on all issues raised in the cross-appeal. *490 Reversed in part, affirmed in part and remanded for entry of a final judgment consistent with this opinion.
HAZOURI, GERBER, JJ., and KELLEY, GLENN D., Associate Judge, concur.