313 So.2d 735 (1975)
In re William A. GREGORY, Jr.
William A. GREGORY, Petitioner,
v.
Mary Elizabeth GREGORY, Respondent.
William A. GREGORY, Petitioner,
v.
Mary Elizabeth GREGORY, Respondent.
Nos. 45146 and 45293.
Supreme Court of Florida.
March 19, 1975.
*736 David A. Maney, Gordon & Maney, Tampa, for petitioner.
George W. Phillips, Tampa, for respondent.
ADKINS, Chief Justice:
These consolidated cases (reviewed by this Court without oral argument) were stimulated by a post-decretal order allowing permanent change of custody of the minor son of the parties hereto some 16 months after their divorce. We have jurisdiction pursuant to Article V, § 3(b)(3), Florida Constitution.
William A. Gregory, hereinafter referred to as "father", desired custody of his minor son, Michael (who was age 13 at the time of entry of the Order granting the requested change  August 27, 1973), and proceeded with his petition or motion for the change. Mary Elizabeth Gregory, hereinafter referred to as "mother", filed her objections.
During August 1973 several hearings were held and testimony received relative to the permanent custody of the son. At one stage in the proceedings the mother moved for a continuance, however, the trial judge refused to grant it stating, among other things, "We will give both sides an opportunity to produce further evidence." Then, upon the mother's objection to taking further testimony, the trial judge stated "... . I will be more *737 than willing to grant further continuances for the production of further testimony, as either attorney may wish."
Thereafter, no further motions for continuance were filed by the mother, and on August 27, 1973, the trial judge issued his final order finding "that the best interest of the child will be served by entrusting his care and custody to the father." This order modifying the final judgment of divorce contained the following:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petitioner, William A. Gregory, Jr., shall have the permanent care, custody, and control of Michael Gregory, the minor child of the parties, subject to reasonable rights of visitation by his mother, Mary Elizabeth Gregory, which shall include every other week-end to be spent with the mother and a reasonable period of visitation during school vacation periods. Each party is to bear his or her own costs and attorney's fees incurred herein."
The mother appealed (interlocutory) this order and the father responded. The Second District Court of Appeal, over objections of the father, granted leave to the mother to file a supplemental appendix consisting of copies of the complete transcript of the trial proceedings. This was followed by the final opinion of the District Court stating in pertinent part: "The mother's motion for continuance was denied. We think this was error."
Certainly there can be little doubt that the granting or denying of a motion for a continuance is left to the sound discretion of the trial court. The record before this Court fails to demonstrate that the trial judge abused his discretion in any fashion. To the contrary, the judge remained open to receive additional testimony by the parties, however, each presented all available testimony and the judge correctly proceeded to rule thereon. As early as Bolles v. Carson, 73 Fla. 504, 74 So. 509, 510 (1917), this Court stated that a denial of such a motion should not be reversed in the absence of a clear and affirmative showing that there was a
"[P]alpable abuse of discretion by the trial court, in denying the motion for a continuance, to the detriment of the defendant."
Our continued and further review of the record herein fails to reveal any resultant prejudice to the mother. The District Court simply substituted its opinion for that of the trial judge and therefore cannot stand. See also Peacock et al. v. Feaster, 51 Fla. 269, 40 So. 74 (1906), and Seaboard Airline Ry. v. Scarborough, 52 Fla. 425, 42 So. 706 (1906); Greenwood v. Oates, 251 So.2d 665 (Fla. 1971); and 2 Fla.Jur. 721, Appeals, § 346.
The District Court also concluded that since the child had been with the father almost immediately prior to custody hearing, there was too great a probability that the son's testimony was tainted. However, the District Court equally observed that "We expressly do not hold that the trial judge arrived at the wrong decision. Much of the testimony about the mother's temper and inattention to the boy is, if credited, serious enough to warrant a change in custody... ." Finally, the District Court concluded, "The order appealed from is vacated to the extent that it is final, reinstated as an order respecting temporary custody, and the cause is remanded for further proceedings consistent with this opinion."
Turning now to the merits of the child custody change, the salient facts (although controverted) presented at the hearings and dispositive of the issues before us are as follows.
During 1973 (prior to the hearing on custody), the son stayed with his father some 170 days, however, in 1972 he also was with his father approximately 190 days.
*738 The son candidly stated his preference to be in custody of his father, however, it was also established that the son was left alone (while custody was vested with the mother) two or three evenings per week. Additionally, it was revealed that the mother was not actively supervising the son's activities; that the son was frightened of the mother and was concerned over her lack of interest in his welfare; and that the son and father had a close fellowship. In fact, the son stated that if he had to live with his mother, he would rather go to a juvenile home. Further testimony was presented to the effect that during a one-week period the son was accused of shoplifting and spent one night with other people without the mother attempting to find him.
Needless to say, communication between son and mother had fallen asunder after the divorce between father and mother, while fondness and affection between father and son had grown. Meanwhile, the father had remarried a short time before the custody hearing. In terms of the father, the son and his present wife enjoyed a "most wholesome relationship. They are very close to each other. They do things together. They participate in things together."
The District Court placed great emphasis upon the son's recent stay in 1973 with his father and its potential influence on his "preference". In contrast to this conclusion the trial judge stated at one point during the hearing:
"... . We always listen to children of that age expressing their views. We are not bound by them because sometimes they don't know what is best for themselves."
Clearly, the trial judge was not basing his change of custody order on simply the "preference" of the son, but in accord with sound principles of law he was also determining if there had been changes in circumstances after the divorce which warranted and required modification of the original decree for the welfare, interests and guidance of the child. He so decided and he was correct. See § 61.13, Florida Statutes; Wilson v. Condra, Fla.App. 1971, 255 So.2d 702; Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (Fla. 1933); Frye v. Frye, Fla.App. 1968, 205 So.2d 310; Goldstein v. Goldstein, Fla.App. 1972, 264 So.2d 49, 52, and Hutchins v. Hutchins, Fla.App. 1969, 220 So.2d 438.
The order changing custody then arrived on appeal with a presumption of correctness, and absent a showing of abuse of discretion was not subject to being disturbed. No abuse of discretion has been demonstrated in the record before us. Goldstein, supra, p. 51. Obviously, the District Court substituted its judgment for that of the trier of facts by reevaluation of the evidence and accordingly committed error. Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972).
The pole-star of the cases before us is based upon the simpliest element of all  the united relationship of the father and son and the quality it possesses in this instance for the best welfare of the son. Unfortunately, good parental association has no single word in our language, however, sub judice the father and son have achieved it.
For these reasons, certiorari is granted in case No. 45,293, and the opinion of the District Court is quashed and said cause is remanded for entry of an opinion consistent herewith including reinstatement of the trial judge's order changing permanent custody of the son. In view of the foregoing, case No. 45,146 is deemed moot and the petition of certiorari is, therefore, discharged.
It is so ordered.
BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.