335 So.2d 822 (1976)
Joseph Michael SPRADLEY, Petitioner,
v.
Elvera Correne SPRADLEY, Respondent.
No. 47657.
Supreme Court of Florida.
July 21, 1976.
Michael C. Murphy of McDavid & Murphy, Lake City, for petitioner.
William J. Roberts, Jr., of Bergen & Roberts, Lake City, for respondent.
SUNDBERG, Justice.
This case is on petition for writ of certiorari to the District Court of Appeal, First District. We have dispensed with oral argument and consider the case on the briefs submitted by the parties. Our jurisdiction vests under Article V, Section 3(b)(3), Florida Constitution.
After a divorce between petitioner father and respondent mother, custody of their child was awarded to the mother. Subsequently, the father petitioned for an order modifying the custody award, and after a hearing in the Circuit Court in and for Okaloosa County, the trial judge modified the earlier order and awarded custody to the father. In a decision reported at 312 So.2d 215, the First District Court of Appeal reversed, holding that the trial court abused its discretion by modifying the order since the father had failed to demonstrate either of two criteria: (1) that there had been a material and substantial change in the circumstances of the parties and (2) that the best interests of the child would be promoted by a change in custody. Judge Boyer dissented, finding that the father had met these criteria by evidence adduced at the hearing and that, in any event, there was "more than sufficient basis for the decision of the learned trial judge." Id. at 217.
As outlined in Judge Boyer's dissenting opinion, the trial court's order was supported by the following evidence. After her divorce, the mother married one Terrell Dicks; at the time of this marriage she was four months pregnant and in fact had another two-year old child of whom Dicks is the admitted father. Dicks, an ex-convict, has been charged since the marriage with possession of marijuana. The mother's job as a waitress demands that she work from 10:30 a.m. to 2:00 p.m. and from 5:00 p.m. to 9:00 p.m. four days each week. Respondent has been separated from Dicks on three different occasions and at the date of the hearing on modification of custody, she was not living with him. Neighbors testified to disturbing incidents occurring at the home of the mother and her new husband. Petitioner testified that on several occasions the child had been left with him for periods of time of up to three weeks and that during such time he had been unable *823 to locate the mother. Furthermore, the mother has moved five times since her second marriage.
In Grant v. Corbitt, 95 So.2d 25, 28 (Fla. 1957), we said:
"... [T]his Court cannot, in any type of case, overturn the decision of a Chancellor made in the exercise of his judicial discretion in the absence of a clear showing of an abuse thereof; and, in a child custody case, the opportunity of the Chancellor to observe the demeanor and personalities of the parties and their witnesses and to feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of child custody."
These principles were recently reaffirmed by this Court in Gregory v. Gregory, 313 So.2d 735 (Fla. 1975).
Our review of the record in the instant case convinces us that respondent made no clear showing of an abuse of discretion by the trial court. There was sufficient evidence before the trial judge to support a finding that there had been the requisite change in circumstances of the parties and that the best interests of the child would be promoted by a change in custody to the father. It is our view that the District Court of Appeal simply re-evaluated the facts and came to a different conclusion. In so doing the District Court departed from the well-established principles enunciated by the Grant and Gregory Courts.
Accordingly, the petition for writ of certiorari is granted, and the decision of the District Court of Appeal, First District, is quashed with directions that the order of the circuit court be reinstated.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD and HATCHETT, JJ., concur.