451 So.2d 914 (1984)
Loretta CARPENTER, Appellant,
v.
Marshall O. CARPENTER, Appellee.
No. AU-310.
District Court of Appeal of Florida, First District.
June 1, 1984.
*915 G. James Roark, III, Pensacola, for appellant.
Richard E. Scherling of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee.
ZEHMER, Judge.
Appellant, Loretta Carpenter, raises four issues on this appeal from a final judgment dissolving her marriage to appellee, Marshall O. Carpenter. We reverse on the first issue and do not reach the remaining three issues.
This action was commenced on November 9, 1982, with appellee husband's filing of a petition for dissolution of marriage. In January 1983, the case was set for trial on April 18. During their twenty-six year marriage, the parties had accumulated extensive and varied property interests claimed to exceed $2,000,000 in value, and discovery concerning these property interests was conducted with varying degrees of success. On March 30, 1983, the wife filed a motion for continuance, asserting insufficient time to complete discovery of assets in the husband's name. This motion was denied. On April 6, the husband was granted leave to file an amended petition, in which he included a request for a special equity in certain marital properties. The wife was directed to answer by April 15. On the evening of April 14, the Thursday before the final hearing scheduled for the 18th, the husband notified appellant of an expert witness who would testify on his behalf and the husband's counsel told the wife's counsel the subject of this new expert's testimony. On the following day, the wife filed a motion for continuance, reciting, inter alia, that she had just been made aware of appellee's new expert witness and that she needed additional time to complete discovery and properly prepare her case for trial. The trial court again denied her motion, and the final hearing was held, as scheduled, on April 18 and 19. On appeal, appellant contends that the trial court abused its discretion in denying her last motion for continuance.
The record reflects a few problems by both sides in obtaining complete discovery, but considering the magnitude of the marital property involved, no critical problems became readily identifiable until after the husband, less than two weeks before trial, filed his amended petition requesting that the court recognize certain special equities in the marital property. On March 30, the husband had responded to interrogatories and named all expert witnesses who would testify for him, and appellant's counsel obtained discovery of such experts. One working day prior to trial, appellee identified another expert and represented that this expert would testify to certain financial matters in the range of $40,000, but the wife was unable to obtain any meaningful discovery of this witness. At trial, the expert's testimony was offered in support of the claimed special equities, and it varied materially from the amounts previously represented. Appellant's counsel objected on grounds of insufficient notice and opportunity to obtain discovery, as well as misrepresentation of the witness's testimony; but the objections were overruled, and the testimony was received in evidence. Although reciting consideration of the special *916 equities of the parties, the final judgment did not identify the extent or amount thereof with respect to the equitable distribution made of the properties. We cannot assume that evidence on this issue received over objection was nevertheless disregarded by the trial court and had no material bearing on its decision.
We recognize that the granting of a continuance is within the sound discretion of the trial court and that its decision should not be interfered with on appeal absent an abuse of discretion. Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972). Special circumstances, however, may require a continuance where there has not been sufficient time to complete discovery and properly prepare for trial and where the continuance causes no substantial prejudice or injustice to the opposing party. See, Stanley v. Bellis, 311 So.2d 393 (Fla. 4th DCA 1975). On the record before us, we find no indication that granting the wife's motion for continuance would have so prejudiced the husband. On the peculiar facts of this case, including the injection of new issues shortly before trial and running in a new expert witness to testify on such issue at the last minute without adequate opportunity for discovery, we conclude that the court below abused its discretion in denying appellant's motion for continuance. The judgment is reversed and the case remanded for further proceedings.
REVERSED and REMANDED.
ERVIN, C.J., and THOMPSON, J., concur.