# TOLSON v BOB WADE FORD, INC.
## Case No. 86-13-AC
Fifth Judicial Circuit, Lake County
March 26, 1987

## APPEARANCES OF COUNSEL

**Timothy A. Straus** for appellant.

**L. Hunter Limbaugh** for appellee.

Before MCNEAL, LOCKETT, THURMAN, JJ.

## OPINION OF THE COURT

MCNEAL, R., Circuit Judge.

Appellant, Hargis Tolson, appealed from a judgment for appellee, Bob Wade Ford, Inc., asserting the trial court erred in denying his Motion to Reschedule Trial, in disallowing his counterclaim, in finding compliance with *Fla. Stat.* § 559.905 (1985) which requires written estimates by automobile repairmen, and in awarding attorneys fees. Appellant argues the trial court abused its discretion by denying the Motion to Reschedule, filed three days before trial, because appellant, unrepresented by an attorney, did not have adequate time to complete discovery and because there was no resulting prejudice to appellee, who was protected by a bond covering the amount claimed. We agree. Accordingly, the case is reversed and remanded for a new trial.

Considering appellant's other points on appeal, we find as follows: 1) Appellant's untimely counterclaim, filed without leave of court was properly denied. However, the trial court may permit appellant's counterclaim upon proper motion when this case is reconsidered. Rule 7.100(a), *Small Claims Rules*; 2) Appellee complied with *Fla. Stat.* § 559.905 (1985) requiring written estimates by automobile repairmen when requested by a customer because appellant authorized the repairs by his signature on the repair order and did not request a written estimate; 3) The attorneys fees provided by *Fla. Stat.* 4559.923(1) (1985) for a party who prevails in a suit on the bond are discretionary and the court must follow the requirements of *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985) in determining a reasonable fee.

Appellee sued the appellant in the trial court to recover damages under a bond that was posted by appellant pursuant to *Fla. Stat.* § 559.917(1)(a) (1985) releasing a possessory lien for repairs to a 1981 Ford Escort in the amount of $730.85. At a pretrial conference on June 9, 1986 trial was scheduled for August 14, 1986. On August 1, 1986 appellee mailed its witness list to the appellant. On August 11, 1986 appellant filed a Motion to Reschedule citing the failure of appellee's attorney to respond to informal discovery requests. At the same time appellant filed a counterclaim without leave of court as required by Rule 7.100(a), *Small Claims Rules* and obtained witness subpoenas from the clerk. The subpoenas were undated and the Orange

139

County Sheriff's Office refused to accept them for service. Appellant obtained new subpoenas on August 12, 1986 two days before trial. They were unserved.

At trial, the court denied appellant's Motion to Reschedule, denied the counterclaim and entered judgment for the full amount claimed by appellee together with attorneys fees. This appeal followed.

Appellant first contends that the trial court erred in denying his Motion to Reschedule. Any request for a continuance is addressed to the sound discretion of the trial judge. *Diaz v. Diaz*, 258 So.2d 37 (Fla. 3d DCA 1972). Special circumstances may require a continuance if there has been insufficient time to complete discovery and properly prepare for trial where a continuance will cause no substantial prejudice or injustice to the opposing party. *Carpenter v. Carpenter*, 451 So.2d 914 (Fla. 1st DCA 1984). Appellant did not have the expertise to utilize the discovery devices available to him under the *Small Claims Rules*. Even if appellant had an attorney there may have been insufficient time to complete discovery because witnesses were not exchanged until ten days before trial. Also, appellant was thwarted in his attempted to informal discovery by appellee's attorney. Appellee argues that he was under no duty to furnish appellant with the information requested. This may be true, but no statute or rule prohibits it and minimal cooperation would have given the appearance of fairness that many laymen find lacking in our legal system.

Small Claims judges have a responsibility to see that an unrepresented litigant has a full opportunity to present his case. The court in an effort to secure substantial justice is required by Rule 7.140, *Small Claims Rules* to assist any party not represented at trial on the procedures to be followed, the presentation of material evidence and questions of law. This assistance is meaningless unless a party has the opportunity to locate witnesses and get them to court. Appellant did the best he could and should have been allowed additional time to prepare.

The record is unclear on whether the trial court heard the counterclaim and denied it because of a lack of merit or denied it because it was not timely filed. If the counterclaim was denied because it was not timely, the trial court may want to consider a properly filed motion to allow the filing of a counterclaim.

We find appellant's additional allegations without merit, but we note the attorney's fees provided by *Fla. Stat.* § 559.923(1) (1985) are discretionary. "Damages, court costs and reasonable attorney's fees"

140

are all objects of the verb phrase "may be entitled." Additionally, the court in awarding attorneys fees must consider the requirements set forth in *Florida Patients Compensation Fund v. Rowe* in setting the amount of attorney fees.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

LOCKETT, J.T., and THURMAN, J., concur.