W. SHARP, Judge.
Laskey, the former husband, appeals from a final judgment, which modified the parties’ joint custody arrangement of their minor son, Mikey, by awarding primary residential custody to Laskey’s former wife, Peeler. Laskey argues that Peeler failed to establish that a substantial change of circumstances had occurred since the original custody arrangement was approved by the court in 1992, and that she failed to establish it was in Mikey’s best interest to grant her primary residential custody. Both parties originally had alleged that a substantial change of circumstances had occurred, and both had sought primary residential custody. We affirm.
In this case, the trial judge found that a substantial change of circumstances had occurred since the parties’ split custody arrangement was approved by the court as part of their 1992 dissolution proceeding. Pursuant to that agreement, the parties roughly shared custody of their then 18-month-old child on a 50/50 basis. At that time, Peeler worked a number of nights each week, and was unable to have the child with her, except during the day.
Since that time, Peeler has remarried and had another child. At the time of these proceedings, she was a full-time housewife, and could care for Mikey along with the other child in her home. Laskey admitted that Peeler’s second husband “was very good” with Mikey. Mikey had also reached *1067 school age and his shifting residences between the parties on a frequent basis was no longer practical or workable. Further there was evidence that the joint custody arrangement was complex and difficult to follow. It produced conflict between the parties, which was causing Mikey distress and discomfort. We think there was substantial and competent evidence to sustain the trial judge’s finding that a substantial change of circumstances had occurred in this ease.
Having determined a change of circumstances had occurred, the trial judge resolved which of the two parties should have primary residential custody, based on the child’s best interest. Trial courts have great discretion in making that decision.[1] On appeal, we must resolve all factual issues and inferences in favor of the parent to whom primary residential custody has been granted.[2]
In this case there was substantial evidence to support the trial judge’s findings that Laskey has a violent temper, which has resulted in verbal confrontations with the minor child, and verbal and physical confrontations with other parties, in the recent past. Further, there was evidence that Laskey had committed domestic violence batteries on his second wife, for which the police were called to respond. Peeler had no such emotional control problems and she could offer Mikey a more normal, peaceful home setting. These were all sufficient findings to support the award of primary residential custody to Peeler. See § 61.13(2), (3)(c), (g), (k), Fla. Stat.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.

. See Spradley v. Spradley, 335 So.2d 822 (Fla.1976); In re Gregory, 313 So.2d 735 (Fla.1975).

. In re Gregory, 313 So.2d 735 (Fla.1975); Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990); Foust v. Foust, 561 So.2d 589 (Fla. 2d DCA), rev. denied, 564 So.2d 1085 (Fla.1990).