824 So.2d 920 (2002)
David BRYAN, Appellant,
v.
Cecilia BRYAN, Appellee.
No. 3D01-2541.
District Court of Appeal of Florida, Third District.
June 26, 2002.
Rehearing Denied August 28, 2002.
*921 Abrams, Etter & Marks, Miami, and Deborah Marks, North Miami, for appellant.
Kohlman Hamlin, and Robert F. Kohlman and George C. Vogelsang, Miami, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
PER CURIAM.
David Bryan (husband) appeals the trial court's final judgment of Dissolution of Marriage. The husband claims that the trial court erred in denying his emergency motion for continuance. We agree and reverse.
David Bryan and Cecilia Bryan (wife) were married on August 24, 1995. No children were born of this marriage, however, Wife has a minor child from a prior marriage. In March 2001, husband filed a petition for dissolution of marriage. Wife answered the petition and filed a counter-petition for dissolution of marriage. The counter-petition also named the husband's business, Tropical Falls Landscaping and Maintenance, Inc. (Tropical) as a respondent. On April 25, 2001, the court entered an order specially setting the case for non-jury trial on August 22 and 23, 2001 and jury trial for the week of August 27, 2001. The wife subsequently filed three amended counter-petitions, the last of which was filed May 15, 2001 and included five counts.[1]
On May 22, 2001, the court appointed a business evaluator to determine Tropical's value[2], and a real estate appraiser to determine the value of the properties owned by the parties. On June 6, 2001, the special *922 master suspended discovery for a month due to the vacation schedules of counsel. On June 10, 2001, husband filed a motion for extension of time to answer the third amended counter-petition. This motion for extension of time was never ruled upon.
On July 31, 2001, husband's counsel withdrew from the case. On August 14, 2001, the husband filed an emergency motion for continuance claiming that his attorney had withdrawn on the date the pretrial catalogue was due; that counsel had not prepared a pre-trial catalogue or taken the deposition of the wife, and had refused to turn over the case files. Husband also advised that he had just received the wife's pre-trial catalog that listed forty witnesses and fifteen experts and he had outstanding discovery issues that needed to be addressed. Finally, he advised the court that he had contacted an attorney to represent him but the attorney would not enter an appearance unless the trials were continued. The court denied the motion for continuance.
On August 16, 2001, husband, pro se, filed a second emergency motion for continuance advising the court that the case was not yet at issue as he had a motion to dismiss pending and had not answered the wife's counter-petition. The motion also requested that the legal issues of the tort claims (jury issues) be heard first as they are interrelated with the equitable claims (non-jury issues). The husband also advised the court that the business evaluator had not yet completed his evaluation and therefore he would not have sufficient time to prepare. On August 17, 2001, wife moved for a default judgment against husband on the counter-petition on the grounds that husband had failed to answer counts I, II, and IV of the third amended counter-petition, that he had failed to appear to court-ordered depositions and to a court-reported exhibit review, and had failed to file his pretrial catalog pursuant to the court's order. Wife filed a notice of dropping count III, and a notice of waiver of jury trial.
On August 21, 2001, the trial court entered an order granting husband's second emergency motion for continuance as to the jury trial(tort issues). The court denied the motion as to the non-jury trial (dissolution issues), finding that the non-jury counts, which related to alimony, real and personal property, equitable distribution, special equity in the marital home as well as occupancy thereof and determination of life insurance, equitable distribution of debt, and wife's claim for attorney's fees, were all at issue. The court gave the husband ten days to answer the outstanding counts and to demand a jury trial on those counts.
On August 22, 2001, the day of trial, husband voluntarily dismissed his petition for dissolution of marriage without prejudice. That same day, the trial court granted wife's motion for default on the third amended counter-petition for dissolution of marriage and proceeded to trial on the non-jury issues. Husband, who appeared pro se, did not present any evidence or cross-examine any of the wife's witnesses. On August 24, 2001, the court entered a final judgment, which awarded wife the marital home, a four acre tract of land, and attorney's fees. The husband received his business and credit card debt associated with the business. The wife did not receive an alimony award. Husband's motion for rehearing was denied.
On appeal, husband challenges the trial court's denial of his motions for continuance, the court's failure to require that the jury issues be tried first and the court's distribution of assets and liabilities and assessment of attorney's fees against the husband. We conclude that the trial court *923 erred in denying the husband's August 14, 2001, motion for continuance and reverse. We do not reach the merits on the remaining issues.
The granting of a motion for continuance is normally within the sound discretion of the trial court. In re Gregory, 313 So.2d 735, 736 (Fla.1975). In determining whether the trial court abused its discretion in denying a motion for continuance several factors to consider include: whether the denial creates an injustice for the moving party; whether the cause of the request for continuance was unforeseeable by the moving party and not the result of dilatory practices; and whether the opposing party would suffer prejudice or inconvenience as a result of a continuance. Fleming v. Fleming, 710 So.2d 601, 602 (Fla. 4th DCA 1998). Under the circumstances of this case, we believe the trial court abused its discretion in denying the husband's motion for continuance.
At the time of trial, the husband had not yet answered the wife's third amended counter-petition for dissolution of marriage. He had filed a motion for extension of time to answer the counter-petition, which was never ruled upon. His attorney withdrew three weeks before trial without filing the pre-trial catalog or taking depositions. The husband was unable to obtain new counsel who was willing to take the case so near to trial without a continuance. Furthermore, the business valuation was received only five days prior to trial. Based on these circumstances, we find the denial of the continuance created an injustice for the husband. See Carpenter v. Carpenter, 451 So.2d 914, 915 (Fla. 1st DCA 1984)(special circumstances may require a continuance where there has not been sufficient time to prepare for trial and there is no substantial prejudice to opposing party); see also Clayman v. Clayman, 536 So.2d 358, 359 (Fla. 3d DCA 1988)(trial court abused its discretion when it refused to grant mother's motion for continuance when parties received home studies during the week before trial).
We also find that the motion for continuance was not the result of dilatory practices. The petition for dissolution was filed in March 2001 and the time frame between the filing of the dissolution petition to the entry of final judgment was only five months. This time frame included a month when discovery was suspended by the special master and three weeks when the husband was without an attorney. The wife's third amended counter-petition was not filed until May 15, 2001 and the husband's motion for a continuance to file an answer to the petition was never ruled upon.[3] Nothing in this record suggests that the request for continuance to obtain counsel was made to delay or prejudice the wife's case. See Kamhi v. Waterview Towers Condo. Ass'n., Inc., 793 So.2d 1033, 1037 (Fla. 4th DCA 2001)(court abused its discretion in denying motion for continuance in order for party to obtain legal representation).
The wife would not have been prejudiced by a continuance of this matter, see Carpenter, 451 So.2d at 915, and any possible prejudice to the wife as a result of having a brief continuance is outweighed by the significant prejudice to the husband having to proceed pro-se and unprepared at the final hearing. Kamhi, 793 So.2d at 1037. Accordingly, we reverse and remand for a new final hearing on the dissolution issues.
NOTES
[1] The court subsequently entered an order granting Tropical's motion to dismiss counts I, II, III, and IV of wife's counter-petition and denying the motion to dismiss count V, the breach of contract claim.
[2] The order appointing the business evaluator requested that a report be prepared and filed within thirty days. The report was not filed until August 17, 2001, five days before the day of the trial.
[3] The four week suspension of discovery and the three weeks husband was without benefit of an attorney all came after the filing of wife's third amended complaint on May 15th, and before the trial date of August 22, 2001.