COPE, J.
(dissenting).
The appellant wife Farah Khamesi Zohourian should have been granted additional time for preparation for the final hearing on dissolution of marriage. While reluctant to second guess the trial judge on the denial of a continuance, I conclude that reversal is called for by this court’s decision in a similar case, Bryan v. Bryan, 824 So.2d 920(Fla. 3d DCA 2002).
I.
The appellee husband Hadi Zohourian and the wife are Iranian nationals who were married in 1979 and have two minor children. They came to the United States in 1998.
The husband is an engineer and successful businessman. In the years leading up to the parties’ departure from Iran, they successfully transferred some $500,000 abroad. During the marriage, the husband handled the parties’ financial affairs. The wife has lesser employment skills and a more limited knowledge of the parties’ financial affairs and asset values.
In March 2000 the wife filed her petition for dissolution of marriage, and served the husband in May. The husband counter-petitioned.
In September the trial court set a trial date for January 2001. In December, the wife’s counsel filed a motion for leave to withdraw, which was granted. The wife was temporarily pro se, and then obtained substitute counsel in January 2001.
In January the wife filed an emergency motion for continuance and motion for leave to amend the dissolution petition. The wife asserted that discovery had revealed additional bank accounts which the husband had not disclosed. The wife had also learned that the husband had entered into a contract to purchase a townhouse, which he had then assigned to his sister and his nephew, who reside in London. The sister and nephew purchased the property for cash without seeing it. The wife alleged that the consideration had been supplied by the husband and that the sister and nephew were holding title on the husband’s behalf.
The wife also pointed out that the action was not yet at issue. Predecessor counsel had not filed an answer to the husband’s counter-petition. Successor counsel did so, but pointed out that the trial should be rescheduled in accordance with the thirty-day time requirement of Florida Rule of Civil Procedure 1.440(c).
The trial court denied the wife’s motions and the case proceeded to trial. The court accepted the husband’s testimony regarding his current income as being $45,000 per year. The court awarded guidelines child support. The court granted nominal alimony of $10 per month based on the husband’s present inability to pay more. The court reserved jurisdiction to revisit this issue as the husband’s income improves.
In dividing the parties’ assets, the court accepted the husband’s valuations of the parties’ Iranian property. The court concluded that the purchase of the townhouse (in which the husband apparently resides) was a bona fide purchase by the sister and nephew. The parties’ primary asset was the marital home, which the court ordered to be sold and the equity divided. The wife has appealed.
II.
The continuance should have been granted to allow reasonable discovery re *258 garding matters which had not been properly set forth in the husband’s financial disclosure.
The husband had entered into a contract in his own name in June 2000 to buy a townhouse in Briar Lakes. He paid the deposit and initial expenses of the townhouse. However, he assigned the contract to his sister and nephew, who live in London. Neither of them looked at the townhouse prior to the closing. The sister and nephew wired transferred approximately $150,000 from London to Miami to make the purchase for all cash.
The wife was entitled to reasonable discovery to determine the source of the funds for this transaction. The family had a demonstrated history of transferring funds in nominee accounts in London and Miami. The wife was entitled to a reasonable opportunity to ascertain whether the husband had himself transferred the money to the sister in London, or whether, as the husband claimed, this was a fortuitously-timed decision by the sister and nephew to buy investment property in Miami which they had never seen.
Similarly, there were late-discovered bank accounts which had not been disclosed by the husband in discovery. Certainly the wife was entitled to a reasonable opportunity to investigate.
A reasonable continuance (the case had never previously been continued) would have allowed a fair opportunity for the wife to discover whether the husband’s income was as low as he claimed. Likewise troublesome is the fact that the husband’s pretrial valuation of the Iranian properties was significantly altered at trial by new testimony that the properties were all significantly encumbered, thus reducing the equity in those properties. The encumbrances had not previously been disclosed.
This court’s recent Bryan decision is very similar to the case now before us. In that case, the husband’s attorney withdrew on the date the pretrial catalog was due. 824 So.2d at 922. The case was not at issue. Id. The husband was not able to obtain successor counsel without obtaining a continuance, and his request for a continuance was denied.
In reversing, this court said:
The granting of a motion for continuance is normally within the sound discretion of the trial court. In re Gregory, 313 So.2d 735, 736 (Fla.1975). In determining whether the trial court abused its discretion in denying a motion for continuance several factors to consider include: whether the denial creates an injustice for the moving party; whether the cause of the request for continuance was unforeseeable by the moving party and not the result of dilatory practices; and whether the opposing party would suffer prejudice or inconvenience as a result of a continuance. Fleming v. Fleming, 710 So.2d 601, 602 (Fla. 4th DCA 1998). Under the circumstances of this case, we believe the trial court abused its discretion in denying the husband’s motion for continuance.
At the time of trial, the husband had not yet answered the wife’s third amended counter-petition for dissolution of marriage. He had filed a motion for extension of time to answer the counter-petition, which was never ruled upon. His attorney withdrew three weeks before trial without filing the pre-trial catalog or taking depositions. The husband was unable to obtain new counsel who was willing to take the case so near to trial without a continuance. Furthermore, the business valuation was received only five days prior to trial. Based on these circumstances, we find the denial of the continuance created an injustice for the husband. See Carpenter v. Carpenter, 451 So.2d 914, 915 (Fla. 1st DCA 1984) (special circumstances may require a continuance where there *259 has not been sufficient time to prepare for trial and there is no substantial prejudice to opposing party); see also Clayman v. Clayman, 536 So.2d 358, 359 (Fla. 3d DCA 1988) (trial court abused its discretion when it refused to grant mother’s motion for continuance when parties received home studies during the week before trial).
We also find that the motion for continuance was not the result of dilatory practices. The petition for dissolution was filed in March 2001 and the time frame between the filing of the dissolution petition to the entry of final judgment was only five months. This time frame included a month when discovery was suspended by the special master and three weeks when the husband was without an attorney. The wife’s third amended counter-petition was not filed until May 15, 2001 and the husband’s motion for a continuance to file an answer to the petition was never ruled upon. Nothing in this record suggests that the request for continuance to obtain counsel was made to delay or prejudice the wife’s case. See Kamhi v. Waterview Towers Condo. Ass’n., Inc., 793 So.2d 1033, 1037 (Fla. 4th DCA 2001) (court abused its discretion in denying motion for continuance in order for party to obtain legal representation).
The wife would not have been prejudiced by a continuance of this matter, see Carpenter, 451 So.2d at 915, and any possible prejudice to the wife as a result of having a brief continuance is outweighed by the significant prejudice to the husband having to proceed pro-se and unprepared at the final hearing. Kamhi, 793 So.2d at 1037. Accordingly, we reverse and remand for a new final hearing on the dissolution issues.
824 So.2d at 923 (footnote omitted).
The husband argues that it was urgent for the case to proceed to trial, because the parties’ savings were being depleted and the marital home was in danger of going into foreclosure. But the relief requested' — and eventually ordered — -was to list the house for sale. That step could readily have been undertaken as temporary relief without a rush to judgment in the remainder of the case. The immediate emergency could have been handled without depriving the wife in this twenty-one-year marriage of a fair opportunity to prepare for trial.
Consistent with Bryan, we should reverse on the issues of asset valuation and the husband’s income, and remand for a reasonable opportunity to conduct discovery on those issues. Thereafter the trial record should be reopened on those issues only. We should affirm the dissolution of marriage and child custody arrangements, as well as the order that the marital home be sold.