PER CURIAM.
Mary L. Quintero appeals from a final judgment of paternity and an order on timesharing entered after the trial court denied her motion to continue a non-jury trial. We reverse.
A trial court has discretion in ruling on a motion for continuance. Bryan v. Bryan, 824 So.2d 920, 923 (Fla. 3d DCA 2002). However, the trial court should consider several factors, including whether: (1) a denial would create an injustice to the moving party; (2) unforeseeable circumstances, rather than dilatory practices, caused the need for continuance; and (3) the opposing party would suffer prejudice. 824 So.2d at 923.
Here, Quintero became unemployed and was unable to pay for her attorney’s services. As a result, Quintero’s counsel withdrew from the case on the eve of the scheduled trial. The record does not show that prejudice would have resulted from granting the continuance. Thus, the trial court abused its discretion in denying Quintero’s request.
Accordingly, we reverse and remand for a new trial.
Reversed.