DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAROL REIVE,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee of the
**RESIDENTIAL ASSET SECURITIZATION TRUST 2005-A 16,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-P
UNDER THE POOLING AND SERVICING AGREEMENT DATED
DECEMBER 1, 2005,**
Appellee.

No. 4D13-4408

[March 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Diana Lewis and Richard L. Oftedal, Judges; L.T. Case No. 502010CA005950.

June M. Clarkson of Edwards & Clarkson, P.A., Fort Lauderdale, for appellant.

Khari E. Taustin, Jeremy W. Harris, Masimba M. Mutamba and Angela Barbosa Wilborn of Morris, Laing, Evans, Brock & Kennedy, Chartered, West Palm Beach, for appellee.

PER CURIAM.

Ten days prior to trial on a mortgage foreclosure which had been pending for three years, the plaintiff bank filed an unopposed motion to continue the trial because the loan was part of a "service transfer," and a new servicer would have to get acquainted with the loan and documents prior to trial. The trial judge hearing the motion denied it. Four days prior to trial, the bank provided notice of several new witnesses and documents, to which the defendant objected. Then, over the objection of the defendant, the judge hearing the trial allowed the bank to use witnesses and documents in its case which were not listed in the pretrial stipulation and constituted a violation of a pretrial discovery order.

We conclude that the court's denial of the continuance together with the admission of witnesses and documents not timely disclosed to the defendant constituted "surprise in fact" in this case and violated *Binger v. King Pest Control*, 401 So. 2d 1310, 1313-14 (Fla. 1981). The failure to give adequate notice of evidence and witnesses constitutes a due process violation. *S.Z. v. Dep't of Children & Family Servs.*, 873 So. 2d 1277, 1277 (Fla. 3d DCA 2004) (delivery of discovery packet the Friday before a Monday trial constituted "trial by ambush" and violated the defendant's due process rights). As the trial court abused its discretion in denying the motion to continue the trial, and then in permitting the introduction of extremely late-listed witnesses and documents to the prejudice of the defendant, we reverse and remand for a new trial.

WARNER, MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***