CIKLIN, C.J.
HSBC Bank Mortgage Corporation (USA) (“the bank”) appeals from: (1) Judge Oftedal’s order granting defendant David T. Lees’s (“the homeowner”) motion in limine to strike the bank’s trial witness; and (2) Judge Lubitz’s subsequent ordér involuntarily dismissing the bank’s action without prejudice based on Judge Oftedal’s order. Because the bank failed to comply with Judge Oftedal’s pre-trial order, we affirm.
This appeal arises from a mortgage foreclosure action commenced in 2010. In a pre-trial order entered on February 13, 2015, the case was set for trial almost eight weeks later on April 7, 2015. The pre-trial order required the parties to disclose the specific names of all trial witnesses within ten days of the date of the pre-trial order (by February 23, 2015) and complete discovery no later than ten days before trial (by March 27,2015). Although not necessary because it is axiomatic that parties to an action must comply with court directives, the pre-trial order warned that noncompliance with the order may result in the striking of witnesses.
Despite the clear and unequivocal directives of the pre-trial order to file witness lists within ten days (by February 23, 2015), the bank did not file its witness list until one month later—March 13, 2015— listing “[representative of Plaintiff,” “[o]ther representatives on behalf of Plaintiff,” and thirteen named witnesses, one of whom was Peter Killinger..
On Thursday, April 2, 2015, (just five calendar days, including a two-day weekend, before trial on Tuesday, April 7, 2015), the bank filed its amended witness list, which named only Killinger and eliminated all other specifically named witnesses on the previous list.
On Monday, April 6, 2015 (the day before trial),, the homeowner filed a motion in limine seeking to strike the Bank’s witness, or in the alternative, to continue the trial. The homeowner argued that the Bank failed to comply with the pre-trial order twice (both with its initial and amended witness list), and that the parties could not reach an agreement to schedule Killinger’s deposition in the few days available before trial. The homeowner further argued that he was prejudiced by the bank’s- failure to specifically name its trial witness until five calendar days before trial *702 and provide him with a reasonable opportunity to depose its trial witness. The homeowner’s motion included an analysis of the factors promulgated in Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981).
On the day of trial, April 7, 2015, Judge Oftedal considered the homeowner’s motion in limine seeking to strike the bank’s witness, or in the alternative, to continue the trial. The homeowner argued that the bank offered only one date for deposition, on which date no attorneys at the homeowner’s firm were available. The bank responded by arguing that its original witness list was provided twenty days[1] or more prior to trial, and argued that the trial court should analyze the issue pursuant to Binger.
Judge Oftedal clearly took issue with the fact that the bank initially filed such an extensive witness list: “Well, that’s really no list at all. I mean, that’s [13] witnesses. The pretrial order requires you name the witness, not just list every witness in the Plaintiffs army. The bank responded, “We didn’t know who would be testifying. But had the deposition been coordinated we would have provided opposing counsel the name of a witness who was going to be testifying.”
Judge Oftedal entered an order granting the homeowner’s motion in limine and striking the bank’s witness. The trial division judge, Judge Lubitz, then involuntarily dismissed the case without prejudice based upon Judge Oftedal’s order.
On appeal, the bank first argues that Judge Oftedal reversibly erred in failing to consider the Binger factors. It further contends that application of the Binger factors did not support striking its witness.
Where a party has failed to disclose the name of a witness in accordance with the trial court order, the testimony of that witness may be excluded at the trial court’s discretion. Binger, 401 So.2d at 1313. “[Discretion is abused only where no reasonable man would take the view adopted by the trial court.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (citation omitted).
In Binger, the Florida Supreme Court set forth a test for trial courts to apply in determining whether undisclosed witnesses should be excluded from trial. Binger, 401 So.2d at 1313-14. A trial court’s discretion in striking witnesses “should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party.” Id. at 1314. Other factors to be considered include:
(i) the objecting party’s ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party’s possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases).

Id.

The approach prescribed by Binger “leaves ultimate control over witness disclosure problems to the broad discretion of the trial judge and focuses on prejudice in the preparation and trial of a lawsuit.” Id. at 1312. However, “a trial court should exercise caution when the witness sought to be excluded is a party’s only witness or one of the party’s most important witnesses because if the witness is stricken, that party will be left unable to present *703 evidence to support his or her theory of the case.” Pascual v. Dozier, 771 So.2d 552, 554 (Fla, 3d DCA 2000).
While we agree with the bank that the application of the Binger factors is a part of the trial court’s exercise of its discretion, Allstate Property & Casualty Insurance Co. v. Lewis, 14 So.3d 1230, 1234 (Fla. 1st DCA 2009), it appears that the trial court indeed considered the necessary factors.
Although Judge Oftedal did not explicitly reference Binger before striking the witness, the homeowner outlined an analysis of the Binger factors in its motion in limine. Additionally, the homeowner argued both in its motion in limine and at the hearing on its motion on the day of trial that it was prejudiced by the bank’s failure to properly disclose its witness, and asserted that' prejudice is the first principle enunciated in Binger. The record additionally reveals that Judge Oftedal considered the bank’s potential willful noncomplianee with the pre-trial order, another Binger factor, when he explained, “The pre-trial order requires you name the witness, not just list every witness in the plaintiffs army.” As such, the record does not support a conclusion that Judge Oftedal failed to consider the Binger factors.
We also disagree with the bank’s contention that application of the Binger factors did not support striking its witness—particularly, the bank argues, when considering prejudice to the opposing .party—in this case, the homeowner. “Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony.” Binger, 401 So.2d at 1314.
This court recently addressed the element of “surprise in fact” in Reive v. Deutsche Bank National Trust Co., 190 So.3d 93 (Fla. 4th DCA 2015), a mortgage foreclosure action. There, a bank moved to continue trial after ,the subject loan was transferred to a new servicer, which would in turn need .time to get acquainted with the loans and documents before trial, but the motion was denied. Id. Four days before trial, the bank provided notice of several new witnesses and documents in violation of the pre-trial order, and Judge Oftedal admitted the witnesses and documents, over the defendant’s objection. Id. This court reversed, concluding: ■
[T]he court’s denial of the continuance together with the admission of witnesses and documents not timely disclosed to the defendant constituted “surprise in fact” in this case and violated Binger v. King Pest Control, 401 So.2d 1310, 1313-14 (Fla.1981). The failure to give adequate notice of evidence and witnesses constitutes a due process violation. S.Z. v. Dep't of Children & Family Servs., 873 So.2d 1277, 1277 (Fla. 3d DCA 2004) (delivery of discovery packet the Friday before a Monday trial constituted “trial by ambush” and violated the defendant’s due process rights).

Id.

Similarly, with regard to the instant facts, the bank’s failure to disclose its witnesses in a manner that was in compliance with the pre-trial order constituted surprise in fact, and thus, under the facts of this case, prejudiced the homeowner. The bank filed its amended witness list a mere five calendar days (including a two-day weekend) before trial, and the bank offered only one date for deposition, on which date no attorneys at the homeowner’s firm were available, thus making it impossible for the homeowner to cure the prejudice.
While a trial judge is constrained by the standards set forth in Binger, the discretion afforded to trial courts when *704 faced with this type of non-compliance is broad and will only be disturbed upon a disregard for the fundamental principles surrounding a trial court’s decision. The bank had five years to prepare for trial, yet failed to supply a true and accurate witness list until five calendar days before trial.
The dissent’s argument that the bank disclosed its witness list well before trial, albeit late, omits the big picture. As the trial court observed, the bank’s initial witness list, filed twenty days late and only three weeks before trial, identified thirteen named witnesses and other unnamed witnesses. The dissent’s argument would require the homeowner, in the three weeks remaining before trial, either to have engaged in a fishing expedition by deposing all thirteen named witnesses, or to have played a guessing game to determine which of the thirteen named witnesses the Bank actually intended to call at trial.
The dissent’s suggestion that the homeowner could have taken the witness’s deposition in the few days remaining before trial is misplaced and the record suggests otherwise. The bank filed its amended witness list a mere five calendar days (including a two-day weekend) before trial, and the bank offered only one date for a deposition, on which date no attorneys at the homeowner’s firm were available.
While the dissent’s suggestion that Judge Oftedal could have granted the homeowner’s alternative motion for a continuance is true, making that suggestion coupled with the dissent’s de facto requirement that Judge Oftedal exercise that option unacceptably subjugates his efforts at docket control to the bank’s inexplicable non-compliance and would have the affect of removing any force from Judge Oftedal’s pre-trial order. Just because as the dissent characterizes it, this matter “after all ... was a mortgage foreclosure”, a trial court’s pre-trial order does not carry any less weight. To suggest otherwise would cast a pall over a trial court’s inherent duty of steadfast case management and demean the sanctity of a trial court’s pretrial order that sets forth pre-trial procedures which, unless the trial court orders otherwise, is not optional.
Yes, as the dissent muses, Judge Oftedal could have allowed the homeowner to take the witness’s deposition just before trial. But then, that would have placed the burden to cure the prejudice upon the homeowner where the burden did not belong. This unfair advantage was caused by the bank’s intransigence as to Judge Oftedal’s pre-trial order. There was nothing unclear—or optional—about Judge Oftedal’s pre-trial order.
In sum, contrary to the dissent’s argument, there were not “many options,” available to the trial judge in his duty to cure the prejudice dumped upon the homeowner by the bank. Short of striking the bank’s sole witness, the two judges in the trenches in this case, Judges Oftedal and Lubitz, had limited case management tools at their disposal. Judge Oftedal, exercising his broad discretion, chose what he considered to be most appropriate option—striking the bank’s witness—leading Judge Lubitz to dismiss the bank’s underlying foreclosure action without prejudice.
In this type of “without prejudice posture”, a bank generally may refile its case. See generally Evergrene Partners, Inc. v. Citibank, N.A., 143 So.3d 954, 955 (Fla. 4th DCA 2014) (“While a foreclosure action with an acceleration of the debt may bar a subsequent foreclosure action based on the same event of default, it does not bar subsequent actions and acceleration based upon different events of default.”); see also Star Funding Solutions, LLC v. Krondes, 101 So.3d 403, 403 (Fla. 4th DCA 2012) (“A new default, based on a different *705 act or date of default not alleged in the dismissed action, creates a new cause of action.”).
Consequently, ’the trial court did not abuse its broad discretion in striking the Bank’s witness and involuntarily dismissing the bank’s action without prejudice. We find no legitimate reasons to second guess the trial judges involved in dealing with this non-compliance of an unequivocal judicial order. Thus, we affirm.

Affirmed.

GERBER, J., concurs in result only with opinion.
WARNER, J., dissents with opinion.

. The bank asserts that a twenty-day period is not prejudicial in that Florida Rule of Civil Procedure 1.440(c) requires “only” 30 days' notice of a trial that is scheduled by a trial judge.