# Third District Court of Appeal
## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2160
Lower Tribunal No. 19-7997
_____

**Stephanie Dussan,**
Appellant,

vs.

**Ahmed El Zoghbi,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Harvey D. Rogers, P.A., and Harvey D. Rogers, for appellant.

Davis Smith & Jean, LLC, Laura Davis Smith, and Sonja A. Jean, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, the mother, appeals a final judgment denying her any attorney's fees in the contested paternity action she litigated below against appellee, the father. On appeal, the mother asserts a myriad of errors. We confine our analysis to two dispositive, overlapping issues. The mother contends the lower tribunal abused its discretion in denying her motion for continuance. Standing alone, the denial might not constitute an abuse of discretion. But, coupled with a second issue, the blanket exclusion of the mother's exhibits at the ensuing trial in the absence of any individualized determination of prejudice, the ruling "created an injustice," warranting reversal. See Fleming v. Fleming, 710 So. 2d 601, 604 (Fla. 4th DCA 1998).

**BACKGROUND**

After the parties wed, divorced, and reunited, the mother gave birth to her second child. The relationship ultimately deteriorated, yet again, and the mother filed a paternity lawsuit in the circuit court. The father denied paternity and refused to pay interim child support. Although the trial court ordered confirmatory DNA testing, the father failed to comply with the court order for nearly six months.

In due course, the father's paternity was established, and the parties embarked on financial discovery. Throughout the process, the mother repeatedly contended the father was concealing assets. Eventually, a

2

general magistrate ordered the father to furnish dozens of "missing" financial documents by a date certain. After the father responded, the mother filed a motion seeking the appointment of a forensic accountant. The trial court referred the matter to a general magistrate. The magistrate granted the motion and ordered an evidentiary hearing to allocate the associated costs.

The trial court ratified and approved the magistrate's report twice, but on each occasion, the parties agreed to vacate the relevant orders to allow the father additional time to effectuate filings. The father subsequently filed exceptions, contending that "[t]here was no competent, substantial evidence presented by [the mother] as to why the [c]ourt should appoint a forensic accountant." The exceptions remained pending, unadjudicated, for the next four months.

In the interim, the judge set the case for trial. Pursuant to the terms of the scheduling order, trial was slated to commence via the Zoom videoconferencing platform on September 9, 2021. The parties were required to file pretrial catalogues, complete with intended witnesses and exhibits, within fifteen days of the trial date.

After the trial order issued, the parties attended mediation and negotiated a stipulated parenting plan. The plan provided for agreed child support payments and purported, by its express terms, to resolve all issues,

3

save "a final timesharing schedule and the [m]other's request for attorney's fees and costs." As to fees and costs, the plan contained the following caveat: "The parties agree to leave that issue for determination by the court."

As the trial date drew near, the parties engaged in a flurry of activity. On August 30, 2021, the mother filed a motion for continuance. In her motion, she cited strategic uncertainty as the result of the pending exceptions to the magistrate's report.

On September 1, 2021, the trial court entered an order overruling the father's exceptions. In a seemingly inapposite ruling, the court denied the request for a forensic accountant[1] and, extending the deadlines imposed in the trial order, required the parties to exchange billing records no later than two days before trial.

On September 2, 2021, the father filed his pretrial catalogue. His exhibit disclosure reflected: (1) both parties' financial affidavits; (2) all exhibits listed by the mother; (3) documents filed with the clerk of court; (4) all discovery exchanged by the parties; (5) all documents produced by way

---

[1] Given our disposition, we do not reach the issue of whether this ruling was proper. See De Clements v. De Clements, 662 So. 2d 1276, 1282 (Fla. 3d DCA 1995) ("[A] [magistrate's] findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [magistrate] has misconceived the legal effect of the evidence presented.").

of mandatory disclosures and discovery; and (6) all pleadings, motions, and notices filed with the clerk of court. The father listed the parties, the mother's attorney, "any rebuttal witnesses," and an expert attorney as potential witnesses.

On September 8, 2021, the mother filed an exhibit list, containing dozens of exhibits. The following day, both parties appeared by Zoom for the trial. The trial court confirmed on the record that the written request for continuance had been previously denied. The court refused to allow the mother to admit any exhibits on the basis that the clerk had not been furnished with hard copies of the exhibits in advance and that the late disclosure violated the time requirement imposed under the trial order. Repeated oral requests for continuance were denied.

At the conclusion of the trial, the court ratified the agreed parenting plan and denied attorney's fees. Rehearing proved unsuccessful, and the instant appeal ensued.

**ANALYSIS**

The trial court is afforded broad discretion in deciding whether to grant or deny a continuance. See Morris v. City of Cape Coral, 163 So. 3d 1174, 1180 (Fla. 2015). This discretion is not, however, entirely unbridled. It is axiomatic that "such rulings must comport with fairness and due process."

Fisher v. Perez, 947 So. 2d 648, 653 (Fla. 3d DCA 2007). In assessing whether the denial of a continuance runs afoul of these considerations, this court has consistently examined the following factors: (1) whether the request for continuance was dilatory or unforeseeable; (2) whether the denial created an injustice for the movant; and (3) whether the opposing party would have suffered prejudice or inconvenience. Bryan v. Bryan, 824 So. 2d 920, 923 (Fla. 3d DCA 2002).

In the instant case, the mother filed her motion for appointment of a forensic accountant before the trial order issued, and she timely obtained a ruling from the general magistrate. Given that the trial court twice ratified the recommendation of the magistrate, the mother had a reasonable basis to conclude that the appointment was all but a certainty.

When no ruling was forthcoming, the mother duly filed a written motion for continuance. By the time the trial court ruled on the exceptions, the trial deadlines had expired. The conundrum created by this delay did not pass without notice. The father failed to timely file his trial disclosures, and the court, at the eleventh hour, extended the time for the exchange of billing records.

The last-minute simultaneous refusal to appoint a forensic accountant and grant a continuance, combined with the wholesale refusal to allow the

6

introduction of late-disclosed evidence, left the mother in a "Catch-22." The request for a forensic accountant was denied on the proverbial eve of trial, but when the mother attempted to prove her case through other means, she was denied the opportunity. The net effect of this course of events was that, for all practical purposes, the mother was deprived of a meaningful day in court. See, e.g., Clayman v. Clayman, 536 So. 2d 358, 359 (Fla. 3d DCA 1988) (holding denial of mother's motions to continue trial denied her sufficient opportunity to review reports received a week before trial and present any evidence to court).

Thus, we must examine the propriety of excluding the exhibits. In the watershed case of Binger v. King Pest Control, 401 So. 2d 1310, 1311 (Fla. 1981), the Florida Supreme Court balanced the need for firm trial deadlines and orderly trials with the right to due process and developed a framework to assess whether the late disclosure of a witness warrants exclusion. The court cautioned that the trial court should not exercise its discretion "blindly" but rather focus on the prejudice the use of undisclosed evidence would inflict upon the objecting party. Id. at 1314. The court articulated three guiding principles of discretion:

> (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible

7

disruption of the orderly and efficient trial of the case (or other cases).

Id. The rationale advanced in Binger applies equally to untimely exhibit disclosures. See Montero v. Corzo, 320 So. 3d 976, 980 (Fla. 3d DCA 2021).

Here, the trial court did not find, nor did the father argue, any specific factual grounds evincing prejudice or bad faith so as to justify either the denial of continuance or exclusion of exhibits. Instead, a careful examination of the record compels the opposite conclusion. The father, too, filed his exhibit and witness disclosures beyond the court-imposed deadlines. Most, if not all, of the documents the mother sought to introduce had been previously produced in discovery, filed of record, and adopted as exhibits by the father. There was no evidence of bad faith, and the failure to file the pretrial catalogue was attributable to the attorney, not the mother.

Under these circumstances, we conclude the denial of continuance, considered in tandem with the exclusion of evidence, amounted to reversible error. See Higgins v. Higgins, 351 So. 3d 1249, 1252 (Fla. 2d DCA 2022) (holding trial court's denial of former wife's motion for continuance created an injustice to her where court's denial precluded former wife from presenting any evidence whatsoever); Fasig v. Fasig, 830 So. 2d 839, 841 (Fla. 2d DCA 2002) (finding denial of request for continuance created injustice where it prohibited wife from presenting any case for purpose of evaluating husband's

8

financial information for alimony determination); <u>Carpenter v. Carpenter</u>, 451 So. 2d 914, 916 (Fla. 1st DCA 1984) ("Special circumstances . . . may require a continuance where there has not been sufficient time to complete discovery and properly prepare for trial and where the continuance causes no substantial prejudice or injustice to the opposing party."); <u>Kamhi v. Waterview Towers Condo. Ass'n</u>, 793 So. 2d 1033, 1037 (Fla. 4th DCA 2001) ("[G]iven the fact that Kamhi was erroneously precluded from presenting any case, her request for a three-month continuance . . . was not an attempt . . . to unduly delay or prejudice Waterview's case."); <u>see also</u> <u>Montero</u>, 320 So. 3d at 980–81 (footnote omitted) ("[B]ecause the trial court failed to consider and analyze the <u>Binger</u> factors, and failed to make any findings, including the failure to make a determination of <u>Binger</u> prejudice, we reverse and remand for a new trial."); <u>Reive v. Deutsche Bank Nat. Tr. Co.</u>, 190 So. 3d 93, 94 (Fla. 4th DCA 2015) ("We conclude that the court's denial of the continuance together with the admission of witnesses and documents not timely disclosed to the defendant constituted 'surprise in fact' in this case and violated [<u>Binger</u>].").

We therefore reverse and remand for further proceedings. Upon remand, the trial court shall attach the child support guidelines worksheet to the final order. <u>See</u> <u>Dep't of Rev. ex rel. K.A.N. v. A.N.J.</u>, 165 So. 3d 846,

9

848 (Fla. 2d DCA 2015); <u>Dorvilien v. Verty</u>, 335 So. 3d 146, 147 (Fla. 4th DCA 2022); <u>Tinoco v. Lugo</u>, 342 So. 3d 845, 851 (Fla. 2d DCA 2022); Fla. Fam. L. R. P. 12.285(k).

Reversed and remanded.